Lipscomb, J.
If the correctness of the judgment of the court below is to be decided independently of any statute on the subject, the exceptions would seem so clearly to be well taken as not to require any illustration of their soundness. The plaintiff, however, supposes that his suit can be sustained by the last clause-of the 152d section of our act of 1846, to regulate proceedings'in the District Courts. The section referred to reads as follows: “That writs- of injunction granted by any judge of the Supreme Court, if to stay proceedings in a suit or execution ou a judgment, shall be returnable to and tried in the District Court of the county where the suit is pending or the judgment was rendered. Writs of injunction for other causes, where the defendant is an inhabitant of the State, shall be returnable to and tried in the District Court of the county where the defendant, or if there be more than one, where either of the defendants has a domicile.” To sustain this suit is so repugnant to the well-settled practice and sound policy which forbids the cutting up and deciding a case piecemeal in different suits, that to make us feel authorized to do so' would require that we should believe that such was the intent of the Legislature, to be deduced from a fair construction of the language employed in the statute.
It is not believed the act referred to will bear the construction claimed for it by the plaintiff’s counsel. The allegations contained in the petition-show that Reed is a non-resident. He is really the defendant in the suit, and the only one, it would appear, in the suit in Harris District Court. The statute would not applied to the case, and could have interposed no impediment to his asking and obtaining any ancillary process from that court against Menard and Butler that was thought necessary to the enforcement of his rights, returnable into the same court where the suit was pending. The defendant being not an inhabitant of the State excepted the case from the part of the section relied on.
But suppose a construction should be given to the law more indulgent to the-views of the plaintiff, and that it might apply to the nominal defendant as well as to the defendant who really had the only interest to be contested in the suit. The application of such a construction would only be that as this defendant was a non-resident, the first suit should have been brought in the county where the nominal defendants were domiciliated, and would have furnished no reason in support of splitting and making two suits. The real defendant, being a non-resident, could not claim the privilege of being sued in any particular county. Hence, if the statute would have borne this last construction, the plaintiff would have only been compelled to bring the first suit in the county of Galveston. In any aspect in which the statute is to be viewed it would not liave authorized two suits. The remedy sought in this suit was accessory to and growing out of the suit in Harris county, and could not constitute a distinct suit with any regard to the regularity of judicial proceedings.
Judgment affirmed.