No. 7947.

## SHOEMAKER v. AXTELL.

INJUNCTION.—*Referee.*—*Appeal.*—Injunction is not the proper remedy to prevent a referee appointed to take evidence from proceeding to the discharge of his duties as such. An appeal is necessary.

SAME.—*Legal Remedy.*—*Equitable Relief.*—Where a party's legal remedy is perfect and complete, equitable relief will not be granted. The principle remains as it was when actions at law and suits in equity were distinct.

From the Monroe Circuit Court.

*J. W. Buskirk, H. C. Duncan* and *W. C. L. Taylor*, for appellant.

*J. H. Louden* and *R. W. Miers*, for appellee.

WORDEN, J.—Complaint by the appellant against the appellee for an injunction. Demurrer to the complaint for want of sufficient facts sustained, and exception. Judgment for defendant.

The complaint alleged, in substance, that in an action in the Monroe Circuit Court, by the appellant against one Milton J. Smith, to dissolve a partnership between the parties to that action, and to settle up the business thereof, the appellee, Axtell, was, by the court, appointed a referee " to take the evidence herein (therein) touching the dealings of said partners with said firm, and their respective rights in and to the firm assets ; and also to audit and report a list of the indebtedness of said firm, and to make a report of the facts and of his finding herein to this court," etc.

The complaint sought to enjoin the appellee from proceeding to the discharge of his duties as such referee, on the ground, substantially, that the court had no right to appoint a referee, the parties being entitled to a trial by jury, unless they consent to a trial otherwise.

If there was any error in the appointment of the referee, or in referring any matters to him, this furnishes no ground for an injunction to restrain him from proceeding to act, for the reason that the appellant had a plain and ample remedy in that action.

If in that action the court committed any error in reference to the appointment of the referee, an exception, and an appeal to this court, would have furnished a remedy for the error.

" If the defendant at law has a good defence at law, and the remedy at law is as perfect and complete as the remedy in equity, the court will not restrain the action." Kerr Injunctions, 15, and notes.

The code has abolished the distinction between actions at law and suits in equity, but the principle thus announced is quite analogous to that involved here. .

The judgment below is affirmed, with costs.

Petition for a rehearing overruled.