## S. W. DUNN v. D. W. TRAVIS.

CASE-MADE — *Order Extending Time, a Nullity.* An order made by a judge of one of the judicial districts of this state extending the time within which a case for the supreme court could be served, settled and signed, the judge being in the state of Illinois at the time the order was made and signed, is a nullity, and the case not having been served and settled within the time prescribed in the original order, the petition in error must be dismissed.

*Error from Pratt District Court.*

THE opinion states the case.

*Huron & Davis,* for plaintiff in error.
*Edwin A. Austin,* for defendant in error.

Opinion by SIMPSON, C.: In the month of September, 1887, the plaintiff in error, S. W. Dunn, as constable, served an order of attachment upon goods claimed· to have belonged to and to have been in the possession of John J. Davis. This order of attachment was issued by a justice of the peace of Pratt county in an action pending before him, wherein Cones, Sons & Co. were plaintiffs, and Davis was the defendant. After the levy of the order of attachment, the defendant in error, D. W. Travis, commenced this action in replevin in the district court of Pratt county, claiming that he was the owner of a certain part of the goods seized upon by the

attachment. Travis claimed twenty-three suits of clothes and five pairs of trousers, of the value of $304.80, which were included in the attachment levy, and that Dunn wrongfully detained them, and that he had demanded the delivery of them to him of Dunn, and claimed $500 as damages for their detention. A trial was had in the district court on the 26th day of April, 1888, by a jury, and a verdict was returned for Travis, "That he is entitled to the possession of said goods, and that the value thereof is $304.80, with 7 per cent. interest, and that plaintiff has sustained damages in the sum of $257.95." A motion for a new trial was overruled, and the case is here for review.

The defendant in error claims in his brief that the record affirmatively shows that all the evidence is not contained therein, and that all the instructions are not contained therein, and they also claimed at the argument that the record does not show that the defendant in error or his attorneys had notice of the time of settling and signing the case-made, and hence that we cannot consider the errors assigned in the petition in' error.

As to the last objection, it appears from the certificate of the trial judge to the case-made, that it was settled and signed on the 23d day of December, 1888, and was attested by the clerk on the 24th day of December, 1888; that the trial was had at the April term, 1888; that the defendant was granted sixty days to make a case for the supreme court, and plaintiff was allowed thirty days to suggest amendments, and five days were allowed thereafter to settle and sign such case-made; that on the 19th day of June, 1888, and before the time first granted to make a case for the supreme court, to wit, the 27th day of June, 1888, the defendant applied for further time to make such case for the supreme court, and that on the 25th day of June, 1888, the judge of the district court of Pratt county extended said time thirty days from the 27th day of June, 1888, granting plaintiff twenty days thereafter to suggest amendments, and allowing the case-made to be settled on five days' notice.

A motion to dismiss the case was filed and considered by the court at the May sitting in 1889. That motion was then overruled on the ground that the recitations in the record could not be controverted; but that ruling is now reconsidered and modified to the extent that questions of jurisdiction may be examined, and if it is shown that the court or the judge at chambers has made an order that neither the court or judge at chambers had the power to make, the want of jurisdiction may be shown to impeach the record. It is established beyond question now, that at the time the judge made the order extending the time for the service of the case-made and its settlement and signing, the same was made in the state of Illinois, while the judge was away from this state on a visit to that state. This order extending the time is therefore a nullity, as it will not be seriously contended that he could make judicial orders while absent from his district. The case not having been served and settlement made within the time originally granted by the court for that purpose, we cannot review it.

It is recommended that the petition in error be dismissed.

By the Court: It is so ordered.

All the Justices concurring.