Isaac Renfroe *et al.*, Plaintiffs in Error, v. Forest Renfroe, *et al.*, Defendants in Error.

**St. Louis Court of Appeals, May 23, 1893.**

1. **Action in Equity to Vacate Proceedings at Law:** LACHES OF COMPLAINANT. An action in equity to vacate proceedings at law, on the ground that an unfair advantage was taken of the complainant, can be maintained only when it is made to appear that the complainant himself was free from negligence.

2. ――――: ――――. And *held*, that, under the facts of the case at bar, the complainant was guilty of laches, and therefore was precluded from the relief sought.

*Error to the Cape Girardeau Circuit Court.*—Hon. H. C. O'Bryan, Judge.

Affirmed.

*W. H. Miller*, for plaintiffs in error.

*Wilson Cramer*, for defendants in error.

Bond, J.—This is a writ of error from the judgment of the trial court sustaining a demurrer to the following petition, and entering final judgment of dismissal.

The substance of the petition is that these plaintiffs, as devisees and heirs of their father, George Renfroe, were made defendants to partition suits brought by other heirs and devisees to divide the land belonging

to the estate of said George Renfroe, which suit was filed in the Cape Girardeau court of common pleas on May 3, 1890. The petition further alleges:

"That at said term of the common pleas court, the regular judge thereof, Maurice Cramer, being physically unable to hold said term of court, the attorneys present elected J. W. Limbaugh, Esq., an attorney of that bar having all the qualifications of a circuit judge, to hold said term of court.

"That said Limbaugh qualified and entered upon the discharge of his duties as such special judge.

"That the regular judge of said court, Maurice Cramer, was disqualified from trying said cause by reason of his prejudice or bias against the defendants, but said causes for a change of venue did not exist as against the special judge then elected and presiding.

"That at that time and now said real estate was and is capable of being divided in kind among said plaintiffs and defendants, without injury to the parties in interest and with benefit thereto.

"That they are informed and believe that at said May term of said court, and on the fourth day of said term, and before the time had expired in which they as defendants had a right to file their answer to said partition suit, the court, without hearing proof or testimony, found that said real estate could not be divided in kind among the parties in interest."

That the land was sold under said decree and brought about one half its value; that before the sale, however, one of the defendants in the partition suit died, and then there was no revivor of said cause and no one representing the deceased in the subsequent proceedings; that one of the present plaintiffs filed a motion setting out the grounds; that said motion was by consent of all parties and of the court continued until the next term of the court, to-wit, the January term, 1891.

That at said January term, 1891, of said court, the regular judge thereof presiding at said court and being disqualified from sitting in said cause for the reasons hereinbefore set out, on the first day of said court the said Isaac Renfroe, one of the plaintiffs herein and one of the parties making said motion so as aforesaid continued, filed his application and affidavit for a change of venue on said motion. In which said application for a change of venue of said matter from said Cape Girardeau court of common. pleas was stated the nature of said suit, the motion made, the continuance of said motion, and that said Isaac Renfroe, the mover and applicant, could not have a fair and impartial trial of said motion before the Hon. Maurice Cramer, the judge of said court, on account of the prejudice of said judge as aforesaid, and because the parties opposing the said motion (to-wit the purchasers) had an undue influence over the mind of said judge.

That due and legal notice of the filing of said application for a change of venue was given.

That the Hon. Maurice Cramer had actual as well as constructive notice of the filing of the same.

That said application for a change of venue was never abandoned or withdrawn.

That immediately upon the filing of said application it was agreed between the parties thereto, and with the full knowledge of said Maurice Cramer, judge as aforesaid, that J. W. Limbaugh, Esq., who had presided at the regular term of said cause should also sit as special judge in the disposition of said motion, and that, in the event he would not consent to act in that capacity, the venue should be awarded to the circuit court of Cape Girardeau county, Missouri.

That, relying upon said agreement and believing that the filing of the application for a change of venue

ousted the jurisdiction of said judge further than possibly to direct the clerk to hold an election for a special judge, the plaintiff's counsel left the court room and gave the matter no further immediate attention.

That notwithstanding all this, and while said motion and application was still pending and pending said agreement, said judge without warrant of law, and in utter disregard of the rights of parties plaintiffs, and in violation of their rights, and in great damage to their interests and possession of said real estate, disregarded said application for a change of venue, dismissed said motion to set aside said judgment and sale and directed the approval thereof.

That plaintiffs are informed and believe that said judge had no authority to act in that behalf pending said application for a change of venue; that he was without jurisdiction, and his acts in that behalf utterly void.

That plaintiffs were unaware of the action of said court, as above stated, until after the final adjournment of the court for the term, and the time for taking an appeal had elapsed.

So these plaintiffs say they have been and are about to be wrongfully and fraudulently deprived of their property without due process of law.

The petition concluded with a prayer for relief.

There is only one question arising on this record, whether or not the plaintiffs in error are precluded from the relief sought by virtue of their own laches. There can be no doubt that the errors complained of in this action were reviewable on a direct appeal. Have the plaintiffs in error exercised the due diligence in the prosecution of their rights in the court below, and does this petition show any sufficient excuse for their failure to take an appeal?

We are constrained to hold that the express show-
ing of the petition herein negatives the exercise of that
diligence which the law imposes as a duty on a party
litigant, and affirmatively discloses such inattention
and negligence on their part as shuts out relief in
equity.  The averment is that, when the application
for the change of venue was filed (which was the first
day of the January term, 1891), it was agreed that, if
Limbaugh would not agree to act as special judge in
the disposition of the plaintiffs' motion to set aside the
sale of the land, the venue of the cause should be
changed to the circuit court of the county.  It is fairly
inferable from other averments that the plaintiffs paid
no further attention to the matter during that term,
but allowed the court to adjourn without knowing or
ascertaining what action, if any, had been taken.  It
was not a part of the agreement that no action should
be taken, nor is there the slightest intimation that the
plaintiffs were led to believe by anything said or done,
either by their adversary or the court, that no action
would be taken at that term.  This presents a case of
gross negligence or inattention, which should preclude
any relief by a court of equity.

In an action like the present to arrest proceedings
at law on account of unfair advantage, this court said:
"But equitable relief is granted in such cases only when
it is made to appear that the complainant himself was
free from negligence."  *Sanderson v. Voelcker*, 51 Mo.
App. 328.  This doctrine is recognized in *Wingate v.
Haywood*, 40 N. H. 437.  We therefore affirm the judg-
ment of the trial court sustaining the demurrer and
entering judgment on the refusal of the plaintiffs in
error to plead further.  It is so ordered.  Judge BIGGS
concurs.  Judge ROMBAUER is absent.