### AULTMAN, MILLER & Co. v. R. E. HIGBEE ET AL.

Decided May 22, 1903.

**1.—Injunction Restraining Judgment—County Court—Jurisdiction.**

A county court has not jurisdiction of a suit to enjoin a judgment rendered by the county court of another county.

**2.—Same—Adequate Remedy—Diligence.**

It was not ground for an injunction restraining the execution of a judgment that defendant and his attorney were prevented from being at the trial by quarantine restrictions where no effort was made to procure another attorney who could have continued the case or taken an appeal.

Appeal from the County Court of Wharton. Tried below before Hon. G. S. Gordon.

*R. C. Porter,* for appellant.

*W. L. Hall,* for appellees.

PLEASANTS, ASSOCIATE JUSTICE.—Appellees brought this suit to enjoin the execution of a judgment rendered by the County Court of Dallas County. The judgment sought to be enjoined was rendered March 21, 1902, in favor of appellant, Aultman, Miller & Co., against R. E. Higbee as maker and J. R. Otell as indorser of a promissory note in favor of said appellant for the sum of $140, and against R. D. Brown, Jr., and Mack Webb as sureties upon an appeal bond given by said Higbee and Otell on appeal by them from a judgment upon said note in favor of said appellant, rendered in the Justice Court of Precinct No. 1 of Dallas County. The petition alleges as grounds for the injunction that the note upon which the judgment sought to be enjoined was obtained was given in payment of the purchase money of a rice-cutting machine sold by appellant to said Higbee, and that said machine would not perform the work which appellant guaranteed it would do at the time of said sale, and the same had been returned to appellant prior to the maturity of said note; that after the maturity of said note

said appellant instituted suit thereon and obtained a judgment against Higbee and Otell, who was the indorser of said note, in the Justice Court of Precinct No. 1 of Dallas County; that said Higbee and Otell appealed from said judgment to the County Court of Dallas County by executing an appeal bond with H. D. Brown, Jr., and Mack Webb as sureties thereon; that said cause was set for trial in the County Court of Dallas County on March 21, 1902, without the consent and over the protest of appellee's attorney, W. L. Hall, who resides in Wharton County; that neither the appellees or their attorney, W. L. Hall, were able to attend the trial of said cause for the reason that at said date an epidemic of smallpox was raging in Wharton County and a rigid quarantine was threatened by the health officer of said county; that the attorney for appellant was informed of these facts prior to the 21st of March, 1902, and was requested to postpone said trial, but refused to do so, and on said 21st day of March proceeded with the trial of said cause in the absence of appellees and their attorney, and obtained judgment for the amount due upon said note, with interest and costs of suit. The petition further alleges that appellant Aultman, Miller & Co. is a foreign corporation, and at the time of the institution of said suit and the rendition of said judgment had not obtained a permit to do business in Texas. It is further alleged that said judgment is not a final judgment, and could not be appealed from because it does not dispose of a plea in reconvention filed in said cause by the appellees. The petition further alleges that an execution has been issued upon said judgment and is in the hands of F. B. Davis, sheriff of Wharton County, who is threatening to levy same upon the property of appellees, and prays for an injunction restraining further proceedings under said judgment. A temporary injunction was granted by the county judge of Wharton County on June 21, 1902, and upon the trial of the case at the October term of said court judgment was rendered perpetuating said injunction.

It is clear that the County Court of Wharton County was without jurisdiction to entertain a suit to enjoin a judgment rendered by the County Court of Dallas County, and the motion of appellant to dissolve the temporary injunction and dismiss the suit on that ground should have been sustained. Rev. Stats., art. 2996; Hendrick v. Cannon, 2 Texas, 259; Winnie v. Grayson, 3 Texas, 429; Allen v. Menard, 5 Texas, 378; Seeligson v. Collins, 64 Texas, 315; Capps v. Leachman, 35 S. W. Rep., 397; Adoue v. Wettermark, 22 Texas Civ. App., 545, 55 S. W. Rep., 511.

But aside from the question of jurisdiction the petition for injunction shows no cause of action, and the general demurrer thereto should have been sustained. The reasons given by appellees for their failure to present their defenses in the original suit are wholly inadequate to entitle them to any relief. If it was impossible for their attorney, W. L. Hall, to attend the trial of the cause at Dallas, they should have procured an attorney at that place to represent them, and when the cause

was called, if such attorney found that the testimony of appellees was necessary to establish their defense and they were, without negligence on their part, prevented from attending the trial, he could have asked for a continuance, and failing to obtain same a motion for new trial could have been made, and if same had not been granted an appeal could have been taken. It thus appears that appellees had an adequate remedy at law of which they failed to avail themselves, and they are therefore not entitled to any relief in equity. The judgment of the court below is· reversed and the judgment here rendered dismissing appellees' suit.

*Reversed and rendered.*