## LYONS BROS. CO. et al. v. CORLEY.

(Court of Civil Appeals of Texas. Feb. 25, 1911.)

1. PLEADING (§ 293*)—VERIFICATION—PLEA.

A plea to the jurisdiction alleging facts, the truth of which is apparent from the allegations of the petition, need not be verified.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 882½; Dec. Dig. § 293.*]

2. COURTS (§ 121*)—JURISDICTION—AMOUNT IN CONTROVERSY.

As the county court has no jurisdiction of an action where the amount in controversy is less than $200, that court has no jurisdiction of a suit to restrain execution on a judgment for an amount less than $200.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 413–426; Dec. Dig. § 121.*]

3. VENUE (§ 22*)—RESIDENCE OF PARTIES—CO-DEFENDANTS.

Under Rev. St. 1895, art. 1194, subd. 17, providing that no person who is an inhabitant of the state shall be sued out of the county of his domicile, a suit to restrain enforcement of a judgment rendered in a county of which the judgment creditor was a resident, brought in another county against such judgment creditor, and the sheriff of the latter county holding in his hands an execution on the judgment, could not be maintained in so far as it sought to restrain proceedings on the judgment.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 35–37; Dec. Dig. § 22.*]

4. JUSTICES OF THE PEACE (§ 128*) — JUDGMENT—EQUITABLE RELIEF—REMEDY BY APPEAL.

Where a judgment of a justice of the peace was valid on its face, error in disregarding defendant's plea of privilege cannot be remedied by injunction, as an injunction cannot be made to serve the purposes of an appeal.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 402–407; Dec. Dig. § 128.*]

5. JUSTICES OF THE PEACE (§ 97*)—PLEADING—EFFECT OF VERIFICATION.

The mere sending of a plea of privilege to a justice of the peace did not justify the defendant in paying no further attention to the action, and he could not plead ignorance of the rendition of the judgment, as the sworn plea did not prove the facts stated, but only served under the statute as a basis for proof thereof, without which the plea in and of itself was worthless.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. § 333; Dec. Dig. § 97.*]

Appeal from Angelina County Court; J. T. Maroney, Judge.

Action by E. P. Corley against the Lyons Bros. Company and another. From a judgment enjoining the enforcement of an execution, defendants appeal. Reversed and judgment rendered for defendants, setting aside the injunction and dismissing the cause.

Bertrand & Arnold and W. J. Townsend, Jr., for appellants.

REESE, J. This was a suit for injunction brought in the county court of Angelina county by E. P. Corley against Lyon Bros. Company, residents of, and doing business in, Bexar county, and W. V. Watts, sheriff of Angelina county, to restrain and perpetually enjoin the enforcement of a certain execution then in the hands of said sheriff, issued upon a judgment of the justice court of precinct No. 1 of Bexar county for $29.70, besides $5.65 costs, and further perpetually to enjoin any proceedings to collect said judgment. A temporary injunction was issued as prayed for by the county judge, and on final hearing judgment was rendered perpetually enjoining the enforcement of the execution, and also perpetually enjoining the said Lyons Bros. Company from taking any steps to enforce said judgment. From this judgment the defendants appeal. No briefs for appellee have been filed.

The allegations of the petition first set out the facts relating to the cause of action in the suit against appellee by Lyon Bros. Company in the justice court of Bexar county, and facts alleged as a defense thereto, which need not be more specifically set out further than the statement that such facts would have constituted a good defense to the action. The petition then states that suit was instituted on this cause of action in the justice court of precinct No. 1, Bexar county; that citation was issued and served upon appellee; that he had an attorney prepare a plea of privilege to be sued in Angelina county, the county of his residence, which he sent to the justice of the peace; that he supposed that upon the plea the venue would be changed to Angelina county; that he had no one to represent him in said justice court; and that judgment was rendered against him in that court for $29.70 besides $5.65 costs, of which he had no knowledge until the execution referred to was presented to him by the sheriff of Angelina county. It was further averred that the execution is not accompanied by a certificate of the county clerk of Bexar county, nor attested by his certificate, that the justice issuing the execution was a justice of the peace of Bexar county. There is a prayer for injunction restraining the enforcement of this execution and also any proceedings to enforce the judgment.

Appellants filed a plea in abatement to the jurisdiction of the court on the grounds that the county court was without jurisdiction to

enjoin the judgment, the amount in controversy being less than $200, and also that the county court of Angelina county had no jurisdiction or authority to enjoin the enforcement of a judgment of a justice court of Bexar county, but such suit should have been brought in some court of Bexar county. These pleas were not sworn to, and on objection of appellee were stricken out for this reason.

It is not necessary to discuss the assignments of error in detail. They are sufficient to present the several objections to the judgment hereafter referred to. The truth of the matters set out in the pleas referred to appeared from the plaintiff's petition, and might have been urged by exception. It was not necessary that the pleas should be sworn to, and it was error to strike them out. The county court had no jurisdiction of the subject-matter of the suit; the amount in controversy being less than $200. De Witt Co. v. Wischkemper, 95 Tex. 435, 67 S. W. 882. If the county court had jurisdiction of the subject-matter, the plea that the venue was in Bexar county, in which the judgment was rendered, was good in so far, at least, as the petition sought to restrain any proceedings on the judgment. R. S. subd. 17, art. 1194; Aultman v. Higbee, 32 Tex. Civ. App. 502, 74 S. W. 955.

It further appears from the allegations of the petition that the judgment of the justice court is a valid subsisting judgment. Whatever error there may have been in disregarding the appellee's plea of privilege cannot be remedied by injunction, which cannot be made to serve the purposes of an appeal. Aultman v. Higbee, supra. The mere sending of a plea of privilege to the justice of the peace did not justify appellee in paying no further attention to the suit. He cannot plead ignorance of the rendition of the judgment. The sworn plea did not prove the facts stated, but only served, under the statute, as a basis for proof thereof without which the plea in and of itself was worthless. Whether the plea was a sufficient plea under the statute we cannot tell, as appellant was denied the right to show that it was not. It only appears, and that is the most that appears in favor of appellee, that with a plea of privilege on file the justice of the peace, after citation duly served, proceeded to render judgment. He had jurisdiction of the subject-matter and of the parties, and the judgment does not even appear to have been erroneous, as appellee made no attempt to back up his plea of privilege by proof. Newton v. Newton, 77 Tex. 512, 14 S. W. 157.

For the errors indicated, the judgment is reversed, and judgment here rendered for appellant, setting aside the injunction granted and dismissing the cause.

Reversed and rendered.