# WHITELY *et al.* v. ST. LOUIS, E. R. & W. RY. CO.

No. 457. Opinion Filed March 21, 1911.

Rehearing Denied June 8, 1911.

(116 Pac. 165.)

1. JUDGMENT—Equitable Relief—Sufficiency of Petition. While the allegations in the petition, in effect, that plaintiffs relied upon the stenographic reporter for a transcript of the testimony at the trial, and that the same could not be had, owing to his promise but failure to furnish, that the excuse given by him was that the same were lost, and for that reason plaintiffs could not make and serve a case-made, standing alone, might not be sufficient to invoke equitable interference, when coupled with further allegations, in effect, that the term of office of the trial judge expired before the expiration of the time fixed by him for signing and settling the same, whereupon he removed from the state and has since there resided, **held**, sufficient to show that plaintiffs were deprived of the benefit of their expectations and right of appeal without their fault, and to invoke a court of equity to grant a new trial.

2. APPEAL AND ERROR—Case-Made—Signature of Judge. Where the term of office of the trial judge expires during the time fixed by him for making the case, he must settle and sign the same after going out of office, within the state, if at all, otherwise his act of so doing is void.

3. PLEADING—Misjoinder of Causes of Action—Demurrer. In sustaining a demurrer to a petition on the ground of misjoinder of causes of action, it is the duty of the court to so state, and afford plaintiffs an opportunity to file several petitions, as provided by Wilson's Dig. Okla. sec. 4296. On failure so to do, this court will not presume a demurrer to have been sustained on that ground, where other grounds are alleged upon any one of which the court could have based its action.

(Syllabus by the Court.)

*Error from District Court, Logan County; A. H. Huston, Judge.*

Action by T. C. Whitely and others against the St. Louis, El Reno & Western Railway Company. Judgment for defendant, and plaintiffs bring error. Reversed and remanded.

*T. C. Whitely* and *Tibbetts & Green,* for plaintiffs in error.

*Dale & Bierer* and *Benj. F. Hegler,* for defendant in error.

TURNER, C. J. On December 20, 1907, T. C. Whitely and eight others, plaintiffs in error, plaintiffs below, filed in the office

of the district court of Logan county their petition, which sub-
stantially states that theretofore, on March 20, 1907, certain
causes came on to be heard in said court, among which was a
suit by defendant in error against T. C. Whitely, one of the
plaintiffs in error, which was on that date tried in said court;
that defendant objected to the introduction of certain evidence
by the plaintiff, which was overruled, and then demurred to
the evidence as introduced by plaintiff, which was overruled
and exceptions saved; that thereupon defendant in said cause
offered certain evidence, which was objected to and sustained,
to which defendant excepted; that, notwithstanding defendant
had a just defense to said action, the court rendered judgment
against him for $30.33 and costs, whereupon defendant filed a
motion for a new trial, which was overruled on October 12,
1909, and exception saved and defendant given 60 days to make
and serve a case; that from said date to November 25, 1907,
said Whitely, as defendant, requested the stenographer who took
the evidence at said trial to make a transcript thereof, in order
that defendant in said cause might perfect his appeal therein,
and which said stenographer promised, but failed, to do, assign-
ing as a reason therefor that he had lost his notes; that on No-
vember 21, 1907, the judge who tried said cause departed this
state and took up his residence in another, where he has since
lived; that by reason of said departure and residence beyond
this jurisdiction, and the loss of said stenographic notes, said
plaintiff, as defendant in said suit, was unable to perfect his
appeal in said cause to his great injury, and that, too, without
fault or neglect on his part; that six other suits then pending
in said court were tried and submitted at the same time on the
same evidence; that in each of them judgment was rendered
against the defendants therein and in favor of defendant in error
as plaintiff therein; that in each of said actions the defendants
therein, the remaining plaintiffs in error here, on March 23, 1907,
filed their motions for a new trial, which were overruled on
October 12, 1907, whereupon each was allowed 60 days in which
to make and serve a case-made, but that they have been without

fault and for the same reason prevented from so doing; that each of said causes embraced the same character of demand and the same defenses are made in each suit; that each defendant in said suits had a good defense thereto (setting it forth); that defendant in error, as plaintiff in said causes, had sold out to another company and had become extinct as a railway corporation; and prayed that said judgment be vacated and set aside and for a new trial in all of said suits.

On December 27, 1907, without further showing, the judge of said court issued without notice a temporary injunction staying execution of said judgments until the further order of the court. On June 20, 1908, defendant filed a motion to dissolve said temporary injunction, and also demurred to said petition. On September 26, 1908, the cause came on and was heard, whereupon the court sustained the demurrer, dissolved the injunction, and plaintiff brings the case here.

For the reason that the petition states facts sufficient to entitle plaintiffs to equitable relief, the demurrer should have been overruled. In sustaining the demurrer the trial court, it seems, took the view that the petition disclosed that plaintiffs had a plain, adequate, and complete remedy at law by appeal and through their own negligence that remedy was lost, and hence could not invoke the jurisdiction of a court of equity to secure a new trial. The following cases announce the rule that, where there is an adequate remedy by appeal, the extraordinary remedy of injunction cannot be invoked: *Marshal v. Gill et al.,* 77 Ind. 402; *Shoemaker v. Axtell,* 78 Ind. 561; *Schwab v. City of Madison et al.,* 49 Ind. 329; *Wyman, Resp., v. Hardwick, App.,* 52 Mo. App. 621; *Renfrow et al. v. Renfrow et al.,* 54 Mo. App. 429; *Aultman, Miller & Co. v. Higbee,* 32 Tex. Civ. App. 502, 74 S. W. 955; *Village of Dolton v. Dolton,* 201 Ill. 155, 66 N. E. 323; *Grampp v. McBrearty,* 109 Ill. App. 277. But this cause does not fall within that rule; rather the converse, that, where through no fault or neglect of his own plaintiff has lost the benefit of his exceptions and right of appeal, equity will intervene to grant him a new trial. 6 Pom. Eq. §§ 658, 823, 824;

Bish. Prin. of Eq. § 174; Fetter on Eq. p. 117; Eaton on Eq. p. 247.

While the allegations in the petition assigning as a reason for the failure to perfect the appeal that these plaintiffs requested the stenographer who took the testimony at the trial to make a transcript thereof, which he promised, but failed, to do, assigning as a reason therefor that the same were lost, standing alone, might not be sufficient to take the case out of the rule and show that plaintiffs had lost the benefit of regularly taken exceptions or their right of appeal through no fault of their own (*Butts v. Anderson,* 19 Okla. 369, 91 Pac. 906; *Lidgerwood Co. v. Rogers et al.,* 56 N. Y. Super. Ct. 350, 4 N. Y. Supp. 716), and hence were insufficient to invoke equitable interference to obtain a new trial for the reason that the same furnishes no sufficient excuse for failure to effect the appeal, when coupled with the further allegations, in effect, that the preparation of the case-made would have been a vain thing for the reason that the term of office of the trial judge expired before the expiration of the time fixed by him for signing and settling the same, whereupon he removed from the state and has since there resided, that because of which he was without power to sign and settle the same, and hence they had lost their right of appeal without their fault, we are of opinion that the petition states facts sufficient to warrant equitable interference.

As the signing and settling of a case-made is a judicial action (*In re Norris,* 60 Kan. 649, 57 Pac. 528; *Witzell c. Forgler,* 30 Kan. 526, 1 Pac. 823), and such that the judge could not do outside the state, and his signature thereto could not be dispensed with (*U. S. v. Railroad,* 3 Okla. 410, 41 Pac. 729), this action on the part of the judge placed it beyond the power of plaintiffs to have the case-made signed and settled, and had the effect of cutting off their right of appeal and that too without their fault. It has been several times held in this jurisdiction, construing Wilson's Stat. Okla. § 4742, that where, as here, the term of office of the trial judge expires during the time fixed by him for making the case, he may settle and sign the same after going

out of office. *Barnes et al. v. Lynch et al.,* 9 Okla. 11, 59 Pac. 995; *Same v. Same,* 9 Okla. 156, 59 Pac. 995. It has also been held that a case-made must be settled and signed by the judge trying the same, but need not be settled and signed in the district where the case was tried, and that where such was done by the judge outside the district, but within the state and the district within which he was then exercising judicial powers, the same was properly done. *City of Enid v. Wigger,* 15 Okla. 507, 85 Pac. 697. It has also been held (*Blanchard v. U. S.,* 6 Okla. 587, 52 Pac. 736) that a judge of the district court has no power to extend the time to make a case-made when he is out of the territory and that orders so made are void. In that case the court said:

"He manifestly could perform no official act while entirely, and for all purposes, out of his jurisdiction, when he was out of Oklahoma, and any order made under such circumstances was void. *Dunn v. Travis* [45 Kan. 541], 26 Pac. 247; cited in *Jones v. Kellogg* [51 Kan. 263] 33 Pac. 997 [37 Am. St. Rep. 278]."

From all of which we take the law to be that such judge whose term of office expires during the time fixed for making the case has left in him for that purpose a modicum of judicial power sufficient to enable him to sign and settle the case, but, in order to lawfully exercise that power, he must do so within the state, as it is manifest that such power in him cannot be exercised extraterritorially, and we will so hold. It will not do to say that, this being true, relief could have been obtained pursuant to an act (St. 1893, §§ 1-12) entitled: "An act to provide for taking the original record to the Supreme Court in case of appeals in civil cases, and to prosecute writs of error by petition in error with case-made"; and which provides for the contingency of the removal or refusing to sign and settle a case-made by the trial judge—for the reason that in *Ripey & Son v. Art Wall Paper Mill,* 27 Okla. 600, recently decided, this court held that said act was repealed by substitution by the subsequent adoption by the same Legislature of the Code of Civil Procedure, and hence the same has no application here.

We are therefore of opinion that the petition states facts sufficient to entitle plaintiffs to a new trial, and that the demurrer should have been overruled; that is, unless as is contended, the court was right in sustaining the demurrer to the petition on the ground of misjoinder of causes of action. But we cannot infer that the court so held for the reason that we have several times declared it to be the duty of the court, where a demurrer is sustained on that ground, to so state in order to afford plaintiffs an opportunity to file several petitions, as provided by Wilson's Stat. Okla. § 4296. Failing so to do, as we cannot presume error on the part of the trial court, we cannot presume his ruling was upon that ground. In *Chauncey A. Owen et al. v. City of Tulsa et al.*, 27 Okla. 264, 111 Pac. 320, speaking to a demurrer there, as here, interposed to a petition on the ground of misjoinder of causes of action, we said:

"Had the court sustained it upon the ground of misjoinder of causes of action, it would have been the duty of the court to so state at the time in order to afford plaintiff's counsel an opportunity to move to be allowed to file separate petitions, each to include such of said causes of action as might have been joined, and had them each docketed, pursuant to section 92 of chapter 66 of the Code of Civil Procedure, Statutes of Oklahoma 1893. *Goldsborough v. Hewitt,* 23 Okla. 66 [99 Pac. 907]; *Weber et al. v. Dillon, County Treas.,* 7 Okla. 568 [54 Pac. 894]. As the court made no such indication and counsel were therefore afforded no such opportunity it is but fair to presume that the court sustained the demurrer upon the third ground, which is that the petition fails to state facts sufficient to constitute a cause of action."

It is unnecessary to consider other assignments of error.

Reversed and remanded, with instructions to the court to set aside the judgments and proceed in accordance with this opinion.

DUNN, HAYES, and KANE, JJ., concur; WILLIAMS, J., not participating.