### LEVINE v. CULLUM BOREN CO. et al.
### (No. 10507.)

(Court of Civil Appeals of Texas. Fort Worth. June 9, 1923.)

1. **Appeal and error** ⬤⟹773(3)—**Appeal dismissible for appellant's failure to file brief may be considered on appellee's application for affirmation.**

Though ordinarily an appeal will be dismissed for want of prosecution for appellant's failure to file brief, it may be considered on appellee filing a brief praying for affirmance with damages, as such prayer opens the entire record for determination of error.

2. **Costs** ⬤⟹262—**Appellee's prayer for affirmance with damages held to open entire record.**

Where appellant filed no brief, but appellee filed one and prayed for an affirmance with damages, such prayer opened the entire record for determination of error.

3. **Justices of the peace** ⬤⟹119(1)—**Error to grant judgment on account of which no certified copy was filed or other testimony taken.**

It was error to grant judgment for the price of goods alleged to have been sold to

defendant, where no certified sworn statement of the account sued on was filed or offered in evidence, or any other testimony taken.

**4. Judgment ⬩436—Enforcement of judgment not to be enjoined where appeal was available.**

Where defendant had a valid defense to an action against him and another and employed attorneys to appear for him and file a plea of privilege and paid no further attention to the litigation, though appeal might have been taken from the judgment against him or application made to set aside the judgment, he was not entitled to enjoin enforcement of the judgment.

**5. Costs ⬩262—Appellee held not entitled to affirmance with damages on appellant's failure to file brief.**

Where judgment was rendered against a defendant for price of goods sold before a justice of the peace without sworn copy of the account or other testimony, but he showed lack of diligence by making no application to set aside judgment or appeal, but later sought to enjoin enforcement, and from an adverse judgment appealed but filed no brief, the appellee, because of the errors on his part, was not entitled to an affirmance with 10 per cent. damages.

Appeal from District Court, Young County; H. R. Wilson, Judge.

Suit by Mike Levine against the Cullum Boren Company and others to enjoin enforcement of a judgment. Judgment for defendants, and plaintiff appeals and defendants apply for affirmance with damages. Affirmed, and defendants' application for damages denied.

Brown & Graham, of Graham, for appellant.

McFarlane & McFarlane, of Graham, for appellees.

CONNER, C. J. [1] This is an appeal from an order dissolving an injunction upon a hearing, and appellant has filed no brief. Ordinarily, the appeal would be dismissed for want of prosecution because of such failure. See Tsutomu Dyo v. Smith (Tex. Civ. App.) 249 S. W. 541. Appellee, however, has filed a brief answering the assignments of error filed by appellant in the lower court, and prays for an affirmance of the judgment with 10 per cent. damages.

[2-4] We agree with appellees that the assignments show no specific error in the judgment, which, in any event, would require a reversal; but appellees' prayer for an affirmance with 10 per cent. damages opens the entire record for the examination and the determination of any error apparent therein, and the record shows that the judgment sought to be enjoined was one rendered by a justice of the peace for certain goods, wares, and merchandise alleged to have been sold to appellant, and the statement of facts included in the transcript shows that upon the hearing to dissolve it was "agreed in evidence that no certified sworn statement of the account sued upon is on file or was offered as proof when the above judgment was taken, nor any other testimony." It has been held to be fundamentally erroneous to so render judgment. See Building & Loan Association v. Newman (Tex. Civ. App.) 25 S. W. 461; Withers v. Linden (Tex. Civ. App.) 138 S. W. 1119; Norvell-Shapleigh Hdw. Co. v. Lumpkin (Tex. Civ. App.) 150 S. W. 1194. And for which error we would doubtless reverse the judgment, except for the fact that we think the record fails to show diligence on appellant's part to have the judgment set aside. In his petition for the issuance of the injunction and in his testimony on the hearing to dissolve, it was made to appear that the merchandise, for the value of which appellees sued in the justice court, had in fact been sold to one Sol Glickman, a son-in-law of appellant; that appellant was not interested in the business conducted by Glickman, nor did he authorize Glickman to make the purchase on his, appellant's, account. Such facts undoubtedly showed a valid defense to appellees' suit; but the record further discloses and appellant so testified, that upon the institution of the suit in the justice court appellant was duly cited to answer the suit, and that he thereupon employed an attorney to represent him therein; that such attorney prepared for appellant a plea of privilege to be sued in Wichita county, the county of his residence; that such plea of privilege, together with a pleading presenting the facts of his defense, as above stated, was forwarded to the attorney; and that thereafter appellant had no knowledge of the facts of the trial and judgment in the justice court until after the expiration of the 90 days, when it was too late to appeal or sue out a writ of certiorari from the county court. The obstacle, however, to now granting appellant relief, as he asks in this court, arises, as we think out of the rule that a writ of injunction cannot be utilized to supply the proceedings required in an appeal (see Aultman, Miller & Co. v. Higbee, 32 Tex. Civ. App. 502, 74 S. W. 955; Lyons Bros. Co. v. Corley, [Tex. Civ. App.] 135 S. W. 603), and the further fact, as we conclude, that appellant was lacking in that degree of diligence required of him in the law. By his own testimony, he knew of the institution of the suit; he knew of appellees' demand against him; he employed an attorney; and the judgment of the justice court on its face recites the call of the case that both parties appeared and the court considered the law and evidence, and that the plaintiffs in the suit were entitled to recover. It is clear that the judgment on its face is a valid one, and we do not think that a defendant can be said to be

---

⬩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

sufficiently diligent, who, with the knowledge appellant confesses, makes no inquiry of his attorney nor otherwise pays any attention to the litigation against him for 90 days. In order to set aside a judgment of the character of the one under consideration it is necessary, even upon an application in the court where the judgment is rendered, to show, not only a valid defense to the action, but also that the applicant has been duly diligent in the prosecution of the remedies given him by law. Lawther Grain Co. v. Winniford (Tex. Com. App.) 249 S. W. 195; Cole v. Varner (Tex. Civ. App.) 246 S. W. 410 and cases therein cited.

[5] For the reasons indicated, we conclude that the judgment must be affirmed, but, because of the error pointed out we think appellees' application for the assessment of 10 per cent. damages should be denied.