## BOND v. DUGAT et al.
## No. 10285.

Court of Civil Appeals of Texas. Galveston.
March 21, 1935.

D. E. O'Fiel, of Beaumont, for appellant.

Morris & Darden, of Conroe, for appellees.

GRAVES, Justice.

This appeal is from an order of the county court of Chambers county granting a temporary injunction restraining the enforcement of a judgment theretofore rendered by the county court at law of Jefferson county in favor of appellant, Mrs. William Bond, against the appellee J. F. Dugat for the sum of $482.-77, with interest, costs of suit, and the foreclosure of a chattel mortgage lien upon 30 head of cattle. The petition for the writ, after fully describing the judgment as so rendered by the court in Jefferson county, sought and obtained the restraint against the enforcement thereof at the hands of the Chambers county court upon two grounds that may, in brief, be summarized as follows:

(1) That the judgment matured a note for $400 the appellee had given William Bond, the

deceased husband of appellant, who had died intestate, leaving appellant and some minor children surviving him; that no administration had been had upon his estate, wherefore the note and chattel mortgage securing it became property vesting in Mrs. Bond and the children jointly, which left her without authority to mature the same into the judgment so rendered in her favor thereon, without the consent and joinder of her children; hence such judgment was "void upon its face and should not have ever been granted or issued and is unenforceable in either law or equity."

(2) That, prior to the effort on appellant's part to so enforce the judgment through the issuance of the execution thereon to Chambers county, the appellant through her attorney had agreed upon the settlement thereof with the appellee whereby he was to pay off certain claims against appellant's deceased husband aggregating the sum of $431, which agreed settlement, however, the appellant had subsequently repudiated, and then proceeded to levy upon the cattle in Chambers county and thereby enforce the judgment notwithstanding such agreement.

Further general averments were to the reiterated effect that the judgment was void for the two reasons thus given; hence was subject to restraint by the Chambers county court.

█ In the opinion of this court, the averments of the appellee himself show upon the face thereof that the county court of Chambers county was wholly without jurisdiction to thus enjoin the enforcement of the judgment so rendered by the county court at law of Jefferson county. It was therein made to appear that the note and chattel mortgage the appellee so gave the appellant's deceased husband was their community property, and that upon his death intestate, with no administration having been had upon his estate, and no necessity for any having been made to appear, she, as the survivor in community, had the authority, without joinder of their children, to mature the note and mortgage into the judgment she so obtained in Jefferson county. It was therefore not invalid on that account. Chambers v. Ker, 6 Tex. Civ. App. 373, 24 S. W. 1118; Walker v. Abercrombie, 61 Tex. 69; Western Union Tel. Co. v. Kelly (Tex. Civ. App.) 29 S. W. 408, 409; Ryan v. Ryan, 61 Tex. 473; King v. Summerville (Tex. Civ. App.) 80 S. W. 1050, 1053; Ricketts v. Ferguson (Tex. Civ. App.) 64 S.W.(2d) 416.

█ Wherefore the judgment, being a valid and subsisting one, regular in all respects up-

on its face, being between the same parties, affecting the same subject-matter, and rendered by a competent court of co-ordinate jurisdiction in Jefferson county, could not be enjoined by a like court in Chambers county. R. S. arts. 4656 and 1995, subd. 17; Texas Jurisprudence, vol. 11, pars. 60, 61, pp. 789–793, and footnote, cited cases, volume 24, par. 116, p. 158, and footnote 5 and cited cases; O'Banion v. Weaver (Tex. Civ. App.) 62 ·S.W. (2d) 212; Honea v. Graham (Tex. Civ. App.) 66 S.W.(2d) 802; Aultman, Miller & Co. v. Higbee, 32 Tex. Civ. App. 502, 74 S. W. 955; Landa Cotton Oil Co. v. Watkins (Tex. Civ. App.) 255 S. W. 775; Long v. Martin (Tex. Civ. App.) 260 S. W. 327; Price & Beaird v. Eastland County Land & Abstract Co. (Tex. Civ. App.) 211 S. W. 478; Bailey v. Jackson (Tex. Civ. App.) 243 S. W. 997.

Neither did the alleged unfinished agreement to settle it—no hint of the existence of which appeared upon its face, that being regular in all respects, as stated—render the judgment subject to restraint by the Chambers county court. In the first place, the judgment of the Jefferson county court ordered the sale of these particular cattle against the appellee' himself as the defendant therein; the rule in such instances being thus declared in Carey v. Looney, 113 Tex. 93, 251 S. W. 1040, 1041: "The test of jurisdiction in such cases is whether the relief sought may be granted independently of the judgment or its mandate sought to be enjoined. If, in order to grant the relief, it is necessary to set aside or modify the judgment, or to regulate the processes issued thereunder, and the attack is made by a party to the judgment, the statute is mandatory and requires that the injunction suit be returnable to and tried in the court rendering the judgment."

█ In the next place, even if such a counterclaim that necessarily depended upon matters of fact dehors the record were not thus exclusively cognizable under the authorities cited supra by the court that rendered the judgment, the application for this writ itself also expressly showed, not only the repudiation of the alleged settlement by the appellant, but also that only a claimed $431, on an amount due in excess of $482.77 had ever been paid or tendered, wherefore, in no event, was cause for injunction shown. Taylor v. American Trust & Savings Bank (Tex. Civ. App.) 265 S. W. 727; Parker v. Holstead (Tex. Com. App.) 255 S. W. 724; Pace Grocery Co. v. Guynes (Tex. Civ. App.) 204 S. W. 794; Hall Music Co. v. Robinson (Tex. Civ. App.) 7 S. W.(2d) 625.

738

The three motions filed by the appellee herein, Nos. 10573–10575 upon the motion docket, fall with the cause.

From these conclusions it follows that the judgment appealed from should be reversed and the cause rendered in appellant's favor; it will accordingly be so ordered.

Reversed and rendered.