LLOYDS ALLIANCE et al., Appellants,

v.

John C. COOK et al., Appellees.

No. 3337.

Court of Civil Appeals of Texas.

Waco.

May 10, 1956.

Wm. G. Washington, Austin, for appellants.

Bradley & Geren, Groesbeck, for appellees.

HALE, Justice.

This appeal grew out of a venue proceeding. John C. Cook and George Cook, hereafter referred to as the Cooks, joined by James T. Oliver, hereafter referred to as Oliver, brought this suit as plaintiffs in the District Court of Limestone County against Lloyds Alliance, Western Alliance, Texas Casualty Insurance Company and John W. Washington as defendants. It appears that a plea of privilege was duly filed on behalf of each defendant, asserting the right to be sued in Travis County, and that a controverting affidavit was duly filed on behalf of each plaintiff to each of the pleas of privilege. After a hearing before the trial court without the aid of a jury on the issues joined by the pleadings relating to venue, the court sustained the pleas of privilege of Texas Casualty Insurance Company and John W. Washington and transferred the causes of action of the plaintiffs as against these two defendants to the District Court of Travis County but overruled the pleas of privilege of Lloyds Alliance and Western Alliance to be sued in Travis County. Lloyds Alliance and Western Alliance have appealed and they will hereafter be referred to as appellants.

It is well settled that by the filing of their pleas of privilege in due form at the time and in the manner required by law, appellants thereby acquired the legal right to have the actions asserted against them by the Cooks and by Oliver transferred to Travis County unless the latter thereafter established by proper pleading and proof that one or more exceptions to exclusive venue in the county of one's residence, as provided by law, existed in the cause declared upon by the Cooks and Oliver, respectively.

In their controverting affidavits the Cooks and Oliver set forth verbatim the joint petition upon whch they sued and it was asserted in each controverting affidavit that their suit came within subdivisions 23, 28 and 28a of Art. 1995, Vernon's Tex.Civ. Stats. The Cooks alleged in substance that appellants had issued a policy to them covering a truck which had been damaged, that appellants had failed to pay their damage claim and that they were suing for the recovery thereof.

Oliver was local agent of appellants in the issuance and delivery of the policy of insurance sued upon by the Cooks. When appellants failed to effect a settlement that was satisfactory to the Cooks of their damage claim, Oliver refused to pay appellants certain premiums he had collected for

them on policies they had issued. Thereupon, appellants sued Oliver in Travis County for the premiums which he had collected for them, recovered final judgments against him in such suits and caused an abstract of each judgment to be filed in Limestone County. After such abstract of judgments had been so filed in Limestone County, appellants wrote a letter to the Board of Insurance Commissioners informing it of the judgments they had procured against Oliver and asking the Board if it could give any assistance to appellants in collecting the judgments.

In the joint petition on behalf of the Cooks and Oliver herein relied upon for recovery, Oliver alleged that he had been damaged by the wrongful conduct of appellants in causing the abstract of the two judgments rendered against him in Travis County to be filed in Limestone County and by the writing of the letter to the Board of Insurance Commissioners referred to above. He sought to recover damages, actual and exemplary, against appellants on account of such alleged wrongful conduct on their part and to have appellants' permanently enjoined from attempting to collect the prior judgments rendered against him in Travis County. In their controverting affidavit to the pleas of privilege of appellants, the Cooks and Oliver charged that the causes of action alleged by them "are all interwoven and a part of one cause of action, and to prevent a multiplicity of suits plaintiffs are entitled to litigate all of said matters in one suit."

Appellants make no specific complaint in their brief to the order of the trial court overruling their pleas of privilege in so far as the Cooks are concerned, but under the six points of error upon which their appeal is predicated they say in effect that appellee Oliver failed to prove any cause of action against them for damages and that venue for a trial of his asserted action for a permanent injunction, if any he has, is laid in Travis County where the judgments of which he complains were rendered. After due consideration of the record before us, we have concluded that the foregoing contentions of appellants must be sustained and that the action of the trial court in overruling their pleas of privilege as to appellee Oliver must be reversed.

■ Not only did the evidence on the hearing of the venue issue fail to establish the existence of any cause of action on behalf of Oliver against appellants as required under subdivisions 23, 28 and 28a of Vernon's Tex.Civ.Stats., but both the pleadings and the evidence show affirmatively that Oliver has no legal right or justiciable interest in the cause of action asserted on behalf of the Cooks against appellants. The claim of the Cooks constitutes an action ex contractu in that it is founded solely upon damages arising from appellants' alleged breach of their contract of insurance, while the claim of Oliver constitutes an attempted action ex delicto in that it is founded solely upon the alleged torts of appellants. Therefore, the action on behalf of the Cooks is not a joint action with that attempted to be alleged on behalf of Oliver, but each is severable from the other regardless of how closely the matters of fact involved in both attempted actions may be interwoven.

■ Furthermore, subdivision 17 of Art. 1995, Vernon's Tex.Civ.Stats., provides that suits to enjoin the execution of a judgment shall be brought in the county in which such judgment was rendered. Art. 4656 of Vernon's Tex.Civ.Stats. provides that writs of injunction to stay execution on a judgment shall be returnable to and tried in the court where such judgment was rendered. The latter statute is more than a mere statute of venue; it has to do with jurisdiction. As said by the Commission of Appeals in Switzer v. Smith, 300 S.W. 31, 32, 68 A.L.R. 377: "Its purpose is not the protection of the citizen in his ordinary right to be sued in the county of his domicile, but rather it is a law of comity, for the protection of the dignity of our courts. Orderly procedure and proper respect for the courts will require that such attacks upon their judgments should be made in the court rendering such judgment, rather than in other courts indiscriminately." See also: A. B. Richards Medicine Co. v. Reeves, Tex.Civ.App., 266 S.W. 594; Salamy v. Bruce, Tex.Civ.App., 21 S.W.2d 380;

Hardin v. Hardin, Tex.Civ.App., 66 S.W.2d 362; Bond v. Dugat, Tex.Civ.App., 81 S.W.2d 736; Brox v. Kelly, Tex.Civ.App., 87 S.W.2d 753, err. dis.; and Lewis v. Gulf, C. & S. F. Ry. Co., Tex.Civ.App., 229 S.W. 2d 395. Under the record in this case and the authorities above cited, the court below did not have jurisdiction to grant the permanent injunction prayed for on behalf of Oliver, perpetually enjoining appellants from attempting to collect the Travis County judgments.

Accordingly, that part of the trial court's judgment overruling the pleas of privilege of appellants to be sued in Travis County on the cause of action asserted against them on behalf of the Cooks is affirmed; but that part of the trial court's judgment overruling the pleas of privilege of appellants to be sued in Travis County on the cause of action attempted to be asserted against them on behalf of Oliver is reversed and remanded to the court below with instructions to sustain the pleas of privilege of appellants as against appellee Oliver and transfer that part of the case to the proper court or courts of Travis County for trial on the merits.