ACCEPTED
13-15-00409-CV
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
10/20/2015 5:44:33 PM
Dorian E. Ramirez
CLERK

## CASE NO. 13-15-00409-CV

COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS

10/20/2015 5:44:33 PM

DORIAN E. RAMIREZ
Clerk

**CITY OF PHARR,**
**Defendant – Appellant**

**v.**

**GERMAN GARCIA, ANNA LEAL, DOMINGO LOPEZ, JR., SAN JUANITA DE LA FUENTE, AND EZEQUIEL PEREZ,**
**Plaintiff – Appellee**

On Appeal from the 430th Judicial District Court of Hidalgo County, Texas
Case No. **C-5232-14-J**

============================================================
# BRIEF OF APPELLANT CITY OF PHARR, TEXAS
============================================================

**J. Arnold Aguilar**
State Bar No. 00936270

**Patricia Ann Rigney**
State Bar No. 24048765

**AGUILAR ☆ ZABARTE, LLC**
990 Marine Drive
Brownsville, Texas 78520
Telephone : (956) 504-1100
Facsimile :  (956) 504-1408
Email:  arnold@aguilarzabartellc.com

118 South Cage Boulevard
Pharr, Texas  78577
Telephone : (956) 457-1181
Facsimile :  (956) 272-0116
Email: patricia.rigney@pharr-tx.gov

Attorneys for Defendant /Appellant
CITY OF PHARR, TEXAS

**ORAL ARGUMENT REQUESTED**

## IDENTITY OF PARTIES AND COUNSEL

| **Defendant/Appellant** | **Attorneys for Defendant/Appellant** |
| --- | --- |
| City of Pharr, Texas | J. Arnold Aguilar |
| | **AGUILAR ☆ ZABARTE, LLC** |
| | 990 Marine Drive |
| | Brownsville, Texas  78520 |
| | email:  arnold@aguilarzabartellc.com |
| | |
| | Patricia Ann Rigney |
| | 118 South Cage Blvd. |
| | Pharr, Texas  78577 |
| | email:  patricia.rigney@pharr-tx-gov |

| **Plaintiff/Appellee** | **Attorneys for Plaintiff/Appellee** |
| --- | --- |
| German Garcia, Anna Leal, Domingo Lopez, Jr., San Juanita De La Fuente, and Ezequiel Perez | Francisco J. Rodriguez |
| | **LAW OFFICE OF** |
| | **      FRANCISCO J. RODRIGUEZ** |
| | 1111 West Nolana, Suite A |
| | McAllen, Texas  78504 |
| | email:  frankr@mcallenlawfirm.com |
| | |
| | Jeanne E. Holmes |
| | **LAW OFFICES OF** |
| | **      JEANNE E. HOLMES, P.C.** |
| | 212 West Nolana |
| | McAllen, Texas  78501 |
| | email:  ljeanneholmes@rgv.rr.com |

# TABLE OF CONTENTS

**PAGE**

IDENTITY OF PARTIES AND COUNSEL ……………………………………...ii

TABLE OF CONTENTS……………………………………………...............iii

INDEX OF AUTHORITIES…………………………………………………vi

STATEMENT REGARDING ORAL ARGUMENT………..…………………..x

RECORD REFERENCES…………………………………………...……...x

STATEMENT OF THE CASE…………………………………..………………...xi

ISSUES PRESENTED FOR REVIEW…………………………………...……xii

Whether the Trial Court Erred in Denying the Plea to the Jurisdiction?

    a. Whether Garcia identified a waiver of the City of Pharr's sovereign or governmental immunity from suit, including any evidence of a material issue of fact, in order to confer jurisdiction on the District Court below?

    b. Whether Garcia identified sufficient factual evidence and legal authority to support a claim of inverse condemnation resulting from a zoning change, in order to establish waiver of the City's immunity from suit?

    c. Whether Garcia identified sufficient factual evidence and legal authority to establish a claim for equitable relief, necessary to establish jurisdiction before the District Court below?

    d. Whether Garcia identified sufficient factual evidence and legal authority for a District Court to temporarily enjoin enforcement of rulings by a County Court at Law?

e.  Whether Garcia identified sufficient factual evidence and legal authority to establish jurisdiction of a District Court to enter a declaratory judgment relating to prior orders of a County Court at Law?

f.  Whether the rulings of the County Court at Law are res judicata before the District Court below and this Court?

STATEMENT OF FACTS……………………………………………...............1

SUMMARY OF THE ARGUMENT…………………….……….............3

ARGUMENT………………………………………………...............4

ISSUES RESTATED.......................................................................4

A.  Standard of Review…………………………………………….5

1.  The City of Pharr is immune from suit unless that immunity has been waived by law…………………...…………….…5

2.  Because the Plea to the Jurisdiction relied on evidence challenging Garcia's factual pleadings, he was required to identify a fact issue, including evidence, that would establish waiver of the City's immunity....7

B.  Garcia Identified No Factual Evidence or Legal Support to Establish Waiver of Immunity From Suit…...................................10

1.  Without evidence of an intentional taking of Garcia's property for a public use, he has not identified waiver of immunity for an inverse condemnation claim…………………….…..10

2.  The District Court does not have jurisdiction to enjoin enforcement of an Order of a County Court at Law..……...…………….16

3.  The District Courts does not have jurisdiction to enter declaratory judgment relating to an Order of a County Court at Law………………...19

4.  The rulings of the County Court at Law are res judicata before the District Court below and this Court……………..20

iv

C.  Remand to Allow Garcia to Attempt to Cure Pleading and
    Evidentiary Defects Would Serve No Purpose and is Not Authorized……..…23

CONCLUSION & PRAYER……………………………………….............24

CERTIFICATE OF COMPLIANCE...…………………………….…………25

CERTIFICATE OF SERVICE...……………………………………….………26

APPENDIX FOR BRIEF OF APPELLANT CITY OF PHARR, TEXAS……….27

    TABLE OF CONTENTS…………………………………………...28

        Order Denying Defendant City of Pharr, Texas'
        Plea to the Jurisdiction…………………………………………..TAB A

        Findings of Fact and Conclusions of Law,
        Cause No. CL-08-0136-A, County Court at Law No. 1……………...TAB B

        Order of Dismissal
        Cause No. CL-08-0136-A, County Court at Law No. 1……………...TAB C

# INDEX OF AUTHORITIES

**<u>CASES</u>**                                                                    **<u>PAGE</u>**

*Able v. Bloomfield*, 6 Tex. 263 (1851)……………………………………….…..5

*Allen v. City of Texas City*, 775 S.W.2d 863
(Tex. App. – Houston [1st Dist.] 1989, writ denied)………………………………..12

*Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547 (Tex. 2000)……………...…….8, 9

*Brazos River Auth. v. City of Graham*, 354 S.W.2d 99 (Tex. 1962)………..……..10

*Butron v. Cantu*, 960 S.W.2d 91
(Tex. App. – Corpus Christi 1997, no pet.)……………………….....…..……18, 20

*Canutillo Indep. Sch. Dist. v. Farran*, 409 S.W.3d 653 (Tex. 2013)………………8

*Chrismon v. Brown*, 246 S.W.3d 102
(Tex. App. – Houston [14th Dist.] 2007, no pet.)………………………………….23

*City of Carrollton v. HEB Parkway S., Ltd.*, 317 S.W.3d 787
(Tex. App. – Fort Worth 2010, no pet.)………………………….…………..…….13

*City of Dallas v. Jennings*, 142 S.W.3d 310 (Tex. 2004)……………………12, 16

*City of Houston v. Carlson*, 451 S.W.3d 828 (Tex. 2014)………………………..16

*City of Keller v. Wilson*, 168 S.W.3d 802 (Tex. 2005)………………….…………15

*City of Lubbock v. Rule*, 68 S.W.3d 853 (Tex. App. – Amarillo 2002, no pet.)…..6

*City of Wilmer v. Laidlaw Waste Systems, Inc.*, 890 S.W.2d 459
(Tex. App. – Dallas 1994), *aff'd*, 904 S.W.2d 656 (Tex. 1995)………………………8

*Corpus Christi Indep. Sch. Dist. v. TL Mech.*, 2012 Tex. App. LEXIS 2552
(Tex. App. – Corpus Christi Mar. 29, 2012, pet. denied)…………………………….6

*Davis v. Bryan & Bryan, Inc.*, 730 S.W.2d 643 (Tex. 1987)……………………..23

*Estate of Clifton v. Southern Pac. Transp. Co.*,
709 S.W.2d 636 (Tex. 1986)……………………………………………...23

*Ford Motor Co. v. Cammack*, 999 S.W.2d 1
(Tex. App. – Houston [14th Dist.] 1998, pet. denied)……………………………….5

*Fort Worth & D.C. Ry. v. Ammons*, 215 S.W. 2d 407
(Tex. Civ. App. – Amarillo 1948, writ ref'd n.r.e.)………………………………..11

*General Servs. Comm'n v. Little-Tex Insulation Co.*,
39 S.W.3d 591 (Tex. 2001)……………………………………...……6, 7, 12

*Green Tree Servicing, LLC v. Woods*, 388 S.W.3d 785
(Tex. App. – Houston [1st Dist.] 2012, no pet.)……………………………….8

*Guadalupe-Blanco River Auth. v. Pitonyak,* 84 S.W.3d 326
(Tex. App. – Corpus Christi 2002, no pet.)……………………………………6, 7

*Hallco Tex., Inc. v. McMullen Cnty.*, 221 S.W.3d 50 (Tex. 2006)………………22

*Hearts Bluff Game Ranch v. State*, 381 S.W.3d 468 (Tex. 2012)…………………7

*Lloyds Alliance v. Cook*, 290 S.W.2d 716
(Tex. Civ. App. – Waco 1956, no writ)………………………………………...18, 20

*Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629 (Tex. 2012)………8

*Montana v. United States*, 440 U.S. 147, 99 S. Ct. 970 (1979)…………..........21, 22

*McVeigh v. Lerner*, 849 S.W.2d 911
(Tex. App. – Houston [1st Dist.] 1993, writ denied)……………………………18, 20

*Patel v. City of Everman*, 179 S.W.3d 1 Tex. App. – Tyler 2004, pet. denied)…….12

*Penn Cent. Transp. Co. v. New York City*, 438 U.S. 104, 98 S. Ct. 2646 (1978)…14

*Postert v. Calhoun County*, 2011 Tex. App. LEXIS 8643
(Tex. App. – Corpus Christi Oct. 27, 2011, pet. denied)…………………………23

*Purcell v. Bellinger*, 940 S.W.2d 599 (Tex. 1997)……………………………..22

*Scally v. Detamore*, 2001 Tex. App. LEXIS 2527, 2001 WL 392522
(Tex. App. – Houston [1st Dist.] Apr. 19, 2001, pet. denied)…………………18, 20

*Sears & Roebuck & Co. v. Marquez,* 628 S.W.2d 772 (Tex. 1982)………………23

*Sheffield Dev. Co. v. City of Glenn Heights*,
140 S.W.3d 660 (Tex. 2004)..………………………………………………...10, 13, 14

*State v. Lueck*, 290 S.W.3d 876 (Tex. 2009)…………………………………………9

*State v. Ware*, 86 S.W.3d 817 (Tex. App. – Austin 2002, no pet.)…………………...11

*Switzer v. Smith*, 300 S.W. 31 (Tex. Comm'n App. 1927)………………………..18

*Tamayo v. Lucio*, 2013 Tex. App. LEXIS 8944
(Tex. App. – Corpus Christi July 18, 2013, no pet.)………………………………..8

*Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636 (Tex. 1999)………………..……....11

*Tex. Natural Res. Conservation Comm'n v. IT-Davy*,
74 S.W.3d 849 (Tex. 2002)…………………………………………………..…19

*Texas Dep't of Parks & Wildlife v. Miranda*,
133 S.W.3d 217 (Tex. 2004)……………………………………………5, 7, 8, 9, 10

*Texas Educ. Agency v. Leeper*, 893 S.W.2d 432 (Tex. 1994)……………………19

*Texas Highway Dep't v. Weber*, 219 S.W.2d 70 (Tex. 1949)……………………...16

*Univ. of Tex. v. Ramos*, 2012 Tex. App. LEXIS 707
(Tex. App. – Corpus Christi Jan. 26, 2012, pet. denied)……………….……………..9

*Tooke v. City of Mexia*, 197 S.W.3d 325 (Tex. 2006)………………………………6

*Westgate Ltd. v. State*, 843 S.S.2d 448 (Tex. 1992)………………………11, 14, 15

*Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692 (Tex. 2003)………..………..6

## CONSTITUTION, STATUTES & RULES

**Tex. Const. art. I, §17**………………………………………………………..12

**TEX. CIV. PRAC. & REMEDIES CODE** § 37.002(b)……………………………19

**TEX. CIV. PRAC. & REMEDIES CODE** § 65.011………………………………..16

**TEX. CIV. PRAC. & REMEDIES CODE** § 65.023…………………………….…18

**TEX. R. APP. P. 43.3**…………………………………………………………23

## SECONDARY SOURCES

JOHN MILTON, PARADISE LOST
49, bk. II, ll. 592-94 (Scott Elledge ed., Norton & Co. 1993) (1674)…………….10

## STATEMENT REGARDING ORAL ARGUMENT

Because of the unique nature of the legal and factual issues, Appellant City of Pharr, Texas believes oral argument may assist the Court in evaluating the jurisdictional prerequisites to suit against a governmental entity, in determining whether the factual allegations create a material issue of fact for the jurisdictional issues raised, and whether those allegations affect the legal issues before the Court. Appellant would therefore request submission of oral argument in this case should the Court desire further clarification on the factual or legal authority for the jurisdictional issues raised.

## RECORD REFERENCES

The Clerk's Record will be cited by the abbreviation "CR" followed by the page numbers (*e.g.*, **CR 53 – 56**). The Reporter's Record, will be cited by the abbreviation "RR" followed by the page numbers (*e.g.*, **RR 7 – 8**).

## STATEMENT OF THE CASE

**Nature of the Case:** This case involves a claim of inverse condemnation allegedly resulting from a zoning change, a request in a District Court to enjoin enforcement of rulings by a County Court at Law, and a request for the District Court to declare judgment contrary to rulings of the County Court at Law. **CR 40 – 43**.

**Trial Court:** The Honorable Israel Ramon, Presiding Judge, 430th Judicial District Court, Hidalgo County, Texas.

**Course of Proceedings:** Defendant's Plea to the Jurisdiction or in the Alternative Motion for Summary Judgment (June 4, 2015). **CR 47 – 79**.

Plaintiffs' Response to Defendant City of Pharr's Plea to the Jurisdiction or in the Alternative Motion for Summary Judgment (July 27, 2015). **CR 80 - 85**.

Defendants' Reply to Plaintiffs' Response to Defendants' Plea to the Jurisdiction or in the Alternative Motion for Summary Judgment (July 27, 2015). **CR 86 – 95**.

Order Granting in Part and Denying in Part Defendants' Plea to the Jurisdiction or in the Alternative Motion for Summary Judgment (August 17, 2015). **CR 96 – 97; Appendix Tab A**.

**Trial Court's Disposition:** On August 17, 2015, the District Court below entered its Order denying Defendant City of Pharr's Plea to the Jurisdiction. **CR 96 – 97; Appendix Tab A**. Defendant City of Pharr then filed its Notice of Interlocutory Appeal on August 31, 2015 (**CR 98 – 100**).

# ISSUES PRESENTED FOR REVIEW

Whether the Trial Court Erred in Denying the Plea to the Jurisdiction?

a. Whether Garcia identified a waiver of the City of Pharr's sovereign or governmental immunity from suit, including any evidence of a material issue of fact, in order to confer jurisdiction on the District Court below?

b. Whether Garcia identified sufficient factual evidence and legal authority to support a claim of inverse condemnation resulting from a zoning change, in order to establish waiver of the City's immunity from suit?

c. Whether Garcia identified sufficient factual evidence and legal authority to establish a claim for equitable relief, necessary to establish jurisdiction before the District Court below?

d. Whether Garcia identified sufficient factual evidence and legal authority for a District Court to temporarily enjoin enforcement of rulings by a County Court at Law?

e. Whether Garcia identified sufficient factual evidence and legal authority to establish jurisdiction of a District Court to enter a declaratory judgment relating to prior orders of a County Court at Law?

f. Whether the rulings of the County Court are res judicata before the District Court below and this Court?

## STATEMENT OF FACTS

Appellees' German Garcia, Anna Leal, Domingo Lopez, Jr., San Juanita De La Fuente, and Ezequiel Perez (hereinafter Garcia) First Amended Original Petition alleged that their neighbor's Lot 65, Beamsley Subdivision, an addition to the City of Pharr (hereinafter Lot 65) was being used for commercial rather than residential purposes. They complained that the City of Pharr (hereinafter the City) did not compel that Lot 65 be limited to residential purposes as it had done previously in a separate lawsuit, but instead authorized a zoning change for that Lot. **CR 37 – 39**.

The City of Pharr filed that prior suit in County Court at Law Number 1 of Hidalgo County in 2008 against Jose Escamilla, seeking to prohibit him from using Lot 65 in a manner not consistent with the City's ordinances. **CR 73, ¶ 4; TAB B**. On December 2, 2009, that Court had entered its Agreed Final Order, providing that "Defendant Jose Escamilla and all other occupants, assigns, and grantees … [s]hall not use the property located at Lot 65, … in any manner not consistent with the allowed residential uses *pursuant to Pharr zoning ordinances as may be amended from time to time*." **CR 73, ¶ 6; TAB B**.

Thereafter, on March 4, 2014, Garcia filed his Original Petition in Intervention in that County Court at Law case seeking an Order compelling compliance with that Court's Agreed Final Order, the same relief requested in the present action. **CR 73, ¶ 9; TAB B; RR 9 – 11**. On August 6, 2014, however, the

1

City of Pharr filed its Motion to Vacate Final Order and Motion to Dismiss, requesting that the County Court at Law set aside the Agreed Final Order because of a change in circumstances, including the legal requirements, and because the City was no longer in need of the relief provided in that Order, which Garcia challenged. **CR 73, ¶ 14; TAB B; RR 10**. The City also rezoned Lot 65 from a Single-Family Residential District to an Office-Professional District. **CR 73, ¶ 10; TAB B**.

On August 29, 2014, following the hearing on the City's Motion to Vacate the Agreed Final Order, the County Court entered its Order of Dismissal granting the City's Motion to Vacate that Order, setting aside that Order and denying any other relief. **CR 78 – 79; TAB C**. Pursuant to Garcia's request, that Court later made factual findings that the conditions surrounding Lot 65 had changed. **CR 72 – 75, ¶¶ 17 – 19; TAB B**. That Court also found that its 2009 Order authorized the City to amend its zoning ordinances, that the City's rezoning of Lot 65 was consistent with the authority to amend its zoning ordinances provided in that Order, and that the zoning change did not violate that Order. **CR 75, ¶¶ 20 – 23; CR 76, ¶¶ 5 – 6; TAB B**. The County Court further found that the changed conditions authorized and required vacation of the Agreed Final Order. **CR 76, ¶¶ 26 – 27; 77, ¶¶ 11 – 12; TAB B**. Although the County Court did not directly rule on Garcia's Motion for Contempt (presumably because it was moot), Garcia did not appeal the 2014 Order vacating and setting aside the 2009 Order, and the 2014 Order has now become final.

## SUMMARY OF THE ARGUMENT

The City of Pharr is immune from suit unless that immunity has been clearly and unambiguously waived as a matter of law. Because the City challenged Garcia's pleadings with supporting evidence, he was required to provide admissible contradictory evidence that would establish jurisdiction. Garcia's District Court claim below is a no more than a challenge to the rulings previously made by County Court at Law No. 1, however, and he identified no factual evidence or legal support to establish waiver of the City's immunity from suit for that challenge. Because that County Court case has become final, its rulings are now res judicata or collateral estoppel against Garcia.

Garcia only presented a claim of inverse condemnation against the City in the District Court below, though he also requested an injunction and declaratory judgment. His inverse condemnation claim asserted that the value of his property was diminished when the City rezoned his neighbor's property from residential to office-professional, though he identified no evidence of any alleged diminution. More significantly, he identified no evidence to establish the elements of an inverse condemnation claim, including any intentional act by the City to take his property, an actual taking of his property, or any public use for which his property was allegedly taken. He therefore did not identify a waiver of the City's immunity from suit for a claim of inverse condemnation.

Garcia likewise identified no jurisdiction to have the District Court below enjoin enforcement of a County Court's 2009 Order, notwithstanding that County Court's subsequent 2014 Order setting aside its 2009 order, or to declare judgment relating to those orders. As this Court explained previously, rules of comity jurisdictionally prevent one trial court from indiscriminately attacking the judgment of another trial court. Because Garcia was a party in the County Court case, the County Court's 2014 Order is res judicata for those same matters raised in the District Court, and he is now collaterally estopped from relitigating those issues.

Without evidence to establish waiver of the City's immunity from suit, the court below did not have jurisdiction over Garcia's claims. Because these jurisdictional defects are incurable, remand would not be authorized for further development of the evidence and the order denying the City's Plea to the Jurisdiction should be reversed and rendered.

## **ARGUMENT**

## **ISSUES RESTATED**

Whether the Trial Court Erred in Denying the Plea to the Jurisdiction?

      a. Whether Garcia identified a waiver of the City of Pharr's sovereign or governmental immunity from suit, including any evidence of a material issue of fact, in order to confer jurisdiction on the District Court below?

4

b.  Whether Garcia identified sufficient factual evidence and legal authority to support a claim of inverse condemnation resulting from a zoning change, in order to establish waiver of the City's immunity from suit?

c.  Whether Garcia identified sufficient factual evidence and legal authority to establish a claim for equitable relief, necessary to establish jurisdiction before the District Court below?

d.  Whether Garcia identified sufficient factual evidence and legal authority for a District Court to temporarily enjoin enforcement of rulings by a County Court at Law?

e.  Whether Garcia identified sufficient factual evidence and legal authority to establish jurisdiction of a District Court to enter a declaratory judgment relating to prior orders of a County Court at Law?

f.  Whether the rulings of the County Court are res judicata before the District Court below and this Court?

## A.    Standard of Review

### 1.    The City of Pharr is immune from suit unless that immunity has been waived by law.

Whether Garcia established subject-matter jurisdiction is a question of law that this Court reviews *de novo*. ***Texas Dep't of Parks & Wildlife v. Miranda***, 133 S.W.3d 217, 226 (Tex. 2004). Subject matter jurisdiction is never presumed and cannot be waived. ***Ford Motor Co. v. Cammack***, 999 S.W.2d 1, 5 (Tex. App. – Houston [14th Dist.] 1998, pet. denied). "Want of jurisdiction of the subject matter of the suit will arrest a cause at any stage of the proceedings." ***Able v. Bloomfield***, 6 Tex. 263, 264 (1851). The trial court was therefore required to dismiss if it became

apparent that it had no authority under the law to adjudicate the issues presented. *Guadalupe-Blanco River Auth. v. Pitonyak,* 84 S.W.3d 326, 333 (Tex. App. – Corpus Christi 2002, no pet.).

"Governmental immunity encompasses two components: immunity from liability and immunity from suit. … A waiver of immunity from suit may occur … only if the legislature has waived such immunity by clear and unambiguous language." *Corpus Christi Indep. Sch. Dist. v. TL Mech.*, 2012 Tex. App. LEXIS 2552, pp. 3 – 4 (Tex. App. – Corpus Christi Mar. 29, 2012, pet. denied), *citing Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006). In order to establish a clear and unambiguous waiver of immunity, the "statute that waives the State's immunity must do so beyond doubt," and any ambiguities are generally resolved in favor of immunity. *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 697-98 (Tex. 2003). Sovereign immunity, unless waived, protects municipalities from lawsuits for damages absent legislative consent. *General Servs. Comm'n v. Little-Tex Insulation Co.*, 39 S.W.3d 591, 594 (Tex. 2001).

"Sovereign immunity derives from the principle that the sovereign may not be sued in its courts without its consent." *Guadalupe-Blanco River Auth. v. Pitonyak*, 84 S.W.3d 326, 334 (Tex. App. – Corpus Christi 2002, no pet.). A municipality's sovereign immunity insulates it from suit and effectively deprives a trial court of jurisdiction to hear the cause. *City of Lubbock v. Rule*, 68 S.W.3d 853,

6

857 (Tex. App. – Amarillo 2002, no pet.).    Garcia was therefore required to establish that immunity was waived by statute or legislative consent. *Id.* at 857.  He retains the burden to plead and prove that the Legislature waived the City's immunity from suit. *General Servs. Comm. v. Little-Tex Insulation Co.*, 39 S.W.3d at 594.

**2.  Because the Plea to the Jurisdiction relied on evidence challenging Garcia's factual pleadings, he was required to identify a fact issue, including evidence, that would establish waiver of the City's immunity.**

A Plea to the Jurisdiction is the proper vehicle through which the City could challenge the jurisdiction of the trial court, where Garcia's pleadings were challenged with supporting evidence relevant to the jurisdictional issues.  *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d at 222.  When a defendant challenges pleadings that relate to a jurisdictional issue, and provides evidence that may rebut those pleadings and thus undermine the alleged waiver of immunity from suit, that evidence should be considered in ruling on the plea.  *Hearts Bluff Game Ranch v. State*, 381 S.W.3d 468, 476 (Tex. 2012); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d at 227 – 28.  Because the City challenged Garcia's pleadings with evidence, Garcia was required to provide admissible contradictory evidence that would establish a fact issue on those jurisdictional elements.  His Response to the City's Plea to the Jurisdiction identified no evidence of any facts to contradict the City's evidence, however.  **CR 80 – 85**.

The Supreme Court explained that "when parties submit evidence at [the] plea to the jurisdiction stage, review of the evidence generally mirrors the summary judgment standard." *Canutillo Indep. Sch. Dist. v. Farran*, 409 S.W.3d 653, 656 (Tex. 2013), *citing* **Tex. Dep't of Parks & Wildlife v. Miranda**, 133 S.W.3d at 228. *See also* **Green Tree Servicing, LLC v. Woods**, 388 S.W.3d 785, 792, (Tex. App. – Houston [1ˢᵗ Dist.] 2012, no pet.). "Pleadings, even if sworn, are not proper summary judgment evidence." **City of Wilmer v. Laidlaw Waste Systems, Inc.**, 890 S.W.2d 459, 467 (Tex. App. – Dallas 1994), *aff'd*, 904 S.W.2d 656 (Tex. 1995).

Garcia had the burden to identify a fact issue that, if accepted as true, would establish waiver of the City's immunity from suit. "[A] plea to the jurisdiction can also properly challenge the *existence* of those very jurisdictional facts [alleged in the plaintiffs' petition]. In [such] cases, the court can consider evidence as necessary to resolve any dispute over those facts, even if that evidence 'implicates both the subject-matter jurisdiction of the court and the merits of the case.'" **Mission Consol. Indep. Sch. Dist. v. Garcia**, 372 S.W.3d 629, 635 (Tex. 2012) (emphasis in original), *quoting* **Tex. Dep't of Parks & Wildlife v. Miranda**, 133 S.W.3d at 226.[1]

---

[1] "If the plea challenges the existence of jurisdictional facts, [this Court must] consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issue raised, as the trial court is required to do so. In a case in which the jurisdictional challenge implicates the merits of the plaintiff's cause of action and the plea to the jurisdiction includes evidence, the trial court reviews the relevant evidence to determine if a fact issue exists. … [I]f the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law." **Tamayo v. Lucio**, 2013 Tex. App. LEXIS 8944, pp. 7 – 8 (Tex. App. – Corpus Christi July 18, 2013, no pet.), *citing* **Bland Indep. Sch.**

"In the context of a plea to the jurisdiction, because the elements of [Garcia's] claim[s] are jurisdictional, [he] must affirmatively plead facts and, if appropriate, produce evidence demonstrating those elements to show a waiver of [the City's] sovereign immunity." *Univ. of Tex. v. Ramos*, 2012 Tex. App. LEXIS 707, p. 13 (Tex. App. – Corpus Christi Jan. 26, 2012, pet. denied), *citing*, *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d at 227-28. "In other words, to both establish waiver of immunity, and accordingly, subject-matter jurisdiction, and avoid … the granting of a plea to the jurisdiction, [Garcia] must have created a genuine issue of material fact on each of the elements of [his] claim." *Univ. of Tex. v. Ramos*, 2012 Tex. App. LEXIS 707, p. 15.

"[A]fter the [City] asserts and supports with evidence that the trial court lacks subject matter jurisdiction, we simply require the plaintiffs, when the facts underlying the merits and subject matter jurisdiction are intertwined, to show that there is a disputed material fact regarding the jurisdictional issue." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d at 228. *See also* *State v. Lueck*, 290 S.W.3d 876, 881 (Tex. 2009); *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d at 555.

"[I]f the plaintiffs' factual allegations are challenged with supporting evidence necessary to consideration of the plea to the jurisdiction, to avoid dismissal plaintiffs

*Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d at 227.

9

must raise at least a genuine issue of material fact to overcome the challenge to the trial court's subject matter jurisdiction." ***Tex. Dep't of Parks & Wildlife v. Miranda***, 133 S.W.3d at 221. Dismissal is proper where Garcia failed in his burden to "raise at least a genuine issue of material fact to overcome the challenge to the trial court's subject matter jurisdiction." ***Id.*** 133 S.W.3d at 222.

**B.** **Garcia Identified No Factual Evidence or**
**Legal Support to Establish Waiver of Immunity From Suit**

**1. Without evidence of an intentional taking of Garcia's property for a public use, he has not identified waiver of immunity for an inverse condemnation claim.**

Garcia alleged a claim of inverse condemnation against the City because of its failure to enforce a "Final Order" of the County Court at Law and its rezoning of Lot 65 from a Single-Family Residential District to an Office-Professional District. **CR 39**. He claims the failure to enforce that Order and the rezoning of Lot 65 allegedly caused him to suffer damages in the form of devaluation of the market value of his property resulting from the non-residential use of Lot 65, for which he also claims the City has not adequately compensated him. **CR 39 – 40**. Although Garcia's claim implicates the "sophistic Miltonian Serbonian Bog"[2] that defines the

---

[2] *See* ***Sheffield Dev. Co. v. City of Glenn Heights***, 140 S.W.3d 660, 671 (Tex. 2004), *quoting* ***Brazos River Auth. v. City of Graham***, 354 S.W.2d 99, 105 (Tex. 1962)). S*ee also* JOHN MILTON, PARADISE LOST 49, bk. II, ll. 592-94 (Scott Elledge ed., Norton & Co. 1993) (1674)

law of inverse condemnation through an alleged regulatory taking, he does not reference the elements of an inverse condemnation claim and he failed to identify evidence of facts that would establish that claim.

Initially, Texas courts have long described eminent domain as "one of the inalienable rights of sovereignty. It is the power to take private property for public use." *Fort Worth & D.C. Ry. v. Ammons*, 215 S.W. 2d 407, 409 (Tex. Civ. App. – Amarillo 1948, writ ref'd n.r.e.). It is "axiomatic that government cannot take a citizen's property without payment of the property's fair value," however. *State v. Ware*, 86 S.W.3d 817, 821 (Tex. App. – Austin 2002, no pet.). If the government appropriates property without paying adequate compensation, the owner may recover damages in an inverse condemnation suit. *Westgate Ltd. v. State*, 843 S.S.2d 448, 452 (Tex. 1992).

Governmental entities such as the City of Pharr are immune from suit unless the Texas Legislature unequivocally waived that immunity, however. *See Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). Garcia's claim of inverse condemnation alleges an unconstitutional taking of property without compensation, presumably in violation of the Texas Constitution, article I, section 17. That section provides that private property may not be "taken, damaged or destroyed for or applied

---

(describing the land beyond *Lethe* as "A gulf profound as that *Serbonian* bog / Betwixt *Damiata* and Mount *Casius* old, / Where armies whole have sunk").

11

to public use without adequate compensation being made, unless by the consent of such person." **Tex. Const.** art. I, §17.

"To recover [in an inverse condemnation suit] under Article I, section 17, a plaintiff must prove that (1) the government's intentional acts (2) resulted in a taking of the plaintiff's property, (3) for public use. *Patel v. City of Everman*, 179 S.W.3d 1, 7 (Tex. App. – Tyler 2004, pet. denied). *See also General Servs. Comm. v. Little-Tex Insulation Co.*, 39 S.W.3d at 598. "'Inverse condemnation' occurs when property is taken, damaged, or destroyed for public use without process or without proper condemnation proceedings, and the property owner attempts to recover compensation." *Id.*, citing *Allen v. City of Texas City*, 775 S.W.2d 863, 864 (Tex. App. – Houston [1st Dist.] 1989, writ denied). "'Taking,' 'damaging,' and 'destruction' of one's property are three distinct claims arising under *Article I, Section 17*. … However, the term 'taking' has become used as a shorthand to refer to all three types of claims." *City of Dallas v. Jennings*, 142 S.W.3d 310, 313 n.2 (Tex. 2004).

The Supreme Court has identified two distinct categories of regulatory action that could constitute a taking. "One is where regulation 'compels the property owner to suffer a physical "invasion" of his property.' The direct, physical effect on property, though short of government possession, makes the regulation categorically a taking. Another is 'where regulation denies all economically beneficial or

productive use of land.'" *Sheffield Dev. Co. v. City of Glenn Heights*, 140 S.W.3d at 671 (internal citations omitted).[3]

Garcia does not complain of a regulatory change to his property, however. Rather, he complains of the effect on his property allegedly caused by a change to his neighbor's property. Although he alleges a diminution in value of his property, he identified no evidence of that alleged diminution. Regardless, he has no allegation or evidence to establish that he was denied "*all* economically beneficial or productive use of land." *City of Carrollton v. HEB Parkway S., Ltd.*, 317 S.W.3d at 793 (emphasis in original).

Garcia instead appears to complain only that the City interfered with his unrestricted enjoyment of his property. This allegation cannot establish an inverse condemnation claim, however. "An inverse condemnation may occur when the

---

[3] "Takings may be physical (that is, 'a direct government appropriation or physical invasion of private property') or regulatory (that is, based on a government regulation). A regulatory takings claim may be based on a number of different theories. One basis for a regulatory takings claim occurs when a government 'requires an owner to suffer a permanent physical invasion of her property—however minor.' For example, a law that requires a landlord to permit a cable television company to install its facilities upon the landlord's property constitutes a compensable taking. Under both the federal and Texas constitutions, this type of regulation constitutes a per se taking for which the landowner must be compensated. Another category of per se taking under both the federal and Texas constitutions, sometimes referred to as a 'Lucas-type "total regulatory taking,"' occurs when a government regulation deprives a landowner of *all* economically beneficial use of the owner's property. A regulation will also constitute a taking when it does not deprive a landowner of *all* of the property's economically beneficial use, but it does unreasonably interfere with the landowner's right to use and enjoy his property. This type of claim is sometimes called a 'Penn Central' takings claim, and it will generally arise when a government has denied a landowner approval to develop his property." *City of Carrollton v. HEB Parkway S., Ltd.*, 317 S.W.3d 787, 792-93 (Tex. App. – Fort Worth 2010, no pet.) (emphasis in original).

13

government physically appropriates or invades the property, or when it unreasonably interferes with the landowner's right to use and enjoy the property, such as by restricting access or denying a permit for development." ***Westgate, Ltd. v. State***, 843 S.W.2d at 452 (internal citations omitted). Garcia does not complain that the City physically invaded or interfered with his right to use or enjoy his property. He complains only that the zoning change to his neighbor's property consequentially resulted in a diminution of the value of his own property.

Whether "a zoning ordinance constitutes a compensable taking … is a question of law…." ***Sheffield Dev. Co. v. City of Glenn Heights***, 140 S.W.3d at 673. Consequential damages to property caused by government action do not establish a taking without a physical invasion of that property, however. Even "publicly targeting a property for condemnation, resulting in economic damage to the owner, generally does not give rise to an inverse condemnation cause of action unless there is some direct restriction on use of the property." ***Westgate, Ltd. v. State***, 843 S.W.2d at 453. A diminution in property value caused only by a change in a zoning law therefore cannot establish an unconstitutional taking. *See **Penn Cent. Transp. Co. v. New York City***, 438 U.S. 104, 131, 98 S. Ct. 2646, 2663 (1978). "[Z]oning does not constitute a 'taking'" unless an individual "surrenders to the public something more and different from that which is exacted from other members of the public…." ***Id.***, 438 U.S. at 147-48, 98 S. Ct. at 2671.

14

Furthermore, Garcia identified no *intentional* taking *of his property* through the rezoning of Lot 65. He identified no allegation or evidence to establish the City "*intentionally* took or damaged *[his] property* for public use, or was substantially certain that [harm] would be the result." ***City of Keller v. Wilson***, 168 S.W.3d 802, 808 (Tex. 2005) (emphasis added). Even if the City's actions resulted in a diminution of his property value, liability may only extend to the City for an intentional taking if he could establish that the City knew its actions would cause him that harm. Garcia identified no evidence to establish the City had the necessary state of mind to know that damage actually would occur to his property, however, that the City intended to cause him any harm, or that it knew identifiable harm was occurring or substantially certain to result. Without "evidence of 'objective indicia of intent' showing the City knew identifiable harm was occurring or substantially certain to result," Garcia cannot establish an intentional taking. ***Id.***, 168 S.W.3d at 830. "The critical question in this case was the City's state of mind – [Garcia] had to prove the City *knew* (not should have known) that [the injury] was substantially certain" to occur. ***Id.***, 168 S.W.3d at 829

Furthermore, "[a]s in statutory condemnation, the appropriated property must also be applied to public use." ***Westgate, Ltd. v. State***, 843 S.W.2d at 452. "When damage is merely the accidental result of the government's act, there is no public benefit and the property cannot be said to be 'taken or damaged *for public use*.'"

15

*City of Dallas v. Jennings*, 142 S.W.3d 310, 313-14 (Tex. 2004), *quoting* **Texas Highway Dep't v. Weber**, 219 S.W.2d 70, 71 (Tex. 1949). *See also* **City of Houston v. Carlson**, 451 S.W.3d 828, 833 (Tex. 2014) (order to evacuate building because of safety concerns is not a taking for public use).

Because Garcia retained all aspects of his property and the City received no public benefit through the rezoning of Lot 65, he has not identified an intentional taking for a public use. Garcia identified no factual evidence or legal authority to establish any *intentional* taking, damaging, or destruction *of his property* by the City, or how any alleged damage was *for a public use*. *See* **CR 80 – 85**. Without evidence to establish the City intentionally took, damaged or destroyed his property for a public use, Garcia has not identified a waiver of the City's immunity.

**2.    The District Court does not have jurisdiction to enjoin enforcement of an Order of a County Court at Law.**

Although "Plaintiffs [alleged they] sue the Defendant city of Pharr **ONLY** under a theory of cause of action of inverse condemnation and no other theory or cause of action," (**CR 39**, emphasis in original), they also requested a temporary and permanent injunction in the District Court below to prevent the City from violating the Agreed Final Order of County Court at Law No. 1. **CR 42 – 43**, *citing* **TEX. CIV. PRAC. & REMEDIES CODE** § 65.011. Garcia apparently ignores the County Court's 2014 Order of Dismissal, Findings of Fact and Conclusions of Law, relying

16

instead on its 2009 Order alone. That request for injunction may only be raised in the County Court, however, and it may not be raised in the District Court below.

Garcia seeks an injunction to prevent the City's alleged violation of the County Court's 2009 Agreed Final Order restricting the use of lot 65 to residential uses. As explained above, that Agreed Final Order authorized Pharr zoning ordinances to be amended from time to time. **CR 73, ¶ 6; TAB B**. After Garcia filed his Original Petition in Intervention in the County Court, the City rezoned Lot 65 from a Single-Family Residential District to an Office-Professional District. **CR 73, ¶ 10; TAB B**. That Court then entered its Order of Dismissal in 2014, granting the City's Motion to Vacate its 2009 Agreed Final Order, setting aside that Order and denying any other relief. **CR 78 – 79; TAB C**. Pursuant to Garcia's request, the County Court thereafter made factual findings that the conditions surrounding Lot 65 had changed, that the 2009 Agreed Final Order authorized the City to amend its zoning ordinances, and that the zoning change did not violate the Agreed Final Order. **CR 73 – 75, ¶¶ 17 – 23; CR 76, ¶¶ 5 – 6; TAB B**. Although they were parties to that County Court action, Plaintiffs/Appellees did not appeal that 2014 Order of Dismissal and it is now final.

Garcia has not identified any authority to support jurisdiction in the District Court for an injunction relating to an Order of the County Court, however. Contrary to his request, "[a] writ of injunction granted to stay proceedings in a suit or

17

execution on a judgment must be tried in the court in which the suit is pending or the judgment was rendered." **TEX. CIV. PRAC. & REMEDIES CODE** § 65.023. That "statute controls not just venue of such a suit, but also jurisdiction, so long as the judgment in question is valid on its face." *Scally v. Detamore*, 2001 Tex. App. LEXIS 2527, p. 4, 2001 WL 392522 (Tex. App. – Houston [1st Dist.] Apr. 19, 2001, pet. denied). *See also* **McVeigh v. Lerner**, 849 S.W.2d 911, 914 (Tex. App. – Houston [1st Dist.] 1993, writ denied).

As this Court explained, "[s]ection 65.023 is intended to ensure that comity prevails among the various Texas trial courts because 'orderly procedure and proper respect for the courts will require that . . . attacks upon their judgments should be made in the court rendering such judgment, rather than in other courts indiscriminately.'" **Butron v. Cantu**, 960 S.W.2d 91, 94-95 (Tex. App. – Corpus Christi 1997), *quoting* **McVeigh v. Lerner**, 849 S.W.2d at 914 & **Lloyds Alliance v. Cook**, 290 S.W.2d 716, 718 (Tex. Civ. App. – Waco 1956, no writ). "This requirement that an action to enjoin execution on a judgment must be brought in the court in which the judgment was rendered is jurisdictional, and does not relate merely to venue." **Butron v. Cantu**, 960 S.W.2d at 94. *See also* **Switzer v. Smith**, 300 S.W. 31 (Tex. Comm'n App. 1927).

Garcia only seeks an injunction compelling the City to enforce the County Court at Law's 2009 Order, notwithstanding that Court's subsequent 2014 Order

18

vacating that prior order.  **CR 38 – 39**; **78 – 79; TAB C**.  Garcia's allegations were previously contested by Garcia and determined in the County Court, supported by that Court's Findings of Fact and Conclusions of Law, and concluded with an Order of Dismissal.  **CR 72 – 79; TABS B & C**.  Any request for injunctive relief relating to that Order must therefore be raised in that County Court, and the District Court below does not have subject matter jurisdiction to consider that request.

### 3. The District Court does not have jurisdiction to enter declaratory judgment relating to an Order of a County Court at Law

In the District Court below, Garcia sought declaratory judgment that the County Court's Agreed Final Order was in full force and effect and that the City's rezoning of Lot 65 was invalid and void.  **CR 43**.  Although Garcia may have the general authority to seek declaratory judgment, "to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations," he must still identify a factual basis and legal support to pursue that judgment.  **TEX. CIV. PRAC. & REMEDIES CODE** § 37.002(b).  *See **Tex. Natural Res. Conservation Comm'n v. IT-Davy***, 74 S.W.3d 849, 855 (Tex. 2002); ***Texas Educ. Agency v. Leeper***, 893 S.W.2d 432, 446 (Tex. 1994).  Garcia has not identified facts that would establish a waiver of immunity from suit in District Court for a declaratory judgment as to the "rights, status [or] legal relations" involving the orders of the County Court, notwithstanding the requirement of exclusive jurisdiction in the County Court.

Like Garcia's request for injunctive relief, "'orderly procedure and proper respect for the courts will require that . . . attacks upon their judgments should be made in the court rendering such judgment, rather than in other courts indiscriminately.'" ***Butron v. Cantu***, 960 S.W.2d at 94-95, *quoting* ***McVeigh v. Lerner***, 849 S.W.2d at 914 & ***Lloyds Alliance v. Cook***, 290 S.W.2d 716, 718 (Tex. Civ. App. – Waco 1956, no writ). The County Court retains exclusive jurisdiction "so long as the judgment in question is valid on its face." ***Scally v. Detamore***, 2001 Tex. App. LEXIS 2527, p. 4, 2001 WL 392522. Because Garcia does not challenge the facial validity of the County Court's 2014 Order, he has no basis for jurisdiction in the District Court below to challenge or interpret the rulings of that County Court.

**4.      The rulings of the County Court at Law are
res judicata before the District Court below and this Court**

The County Court's 2014 Findings of Fact and Conclusions of Law, along with its Order of Dismissal, are also res judicata, and Garcia is collaterally estopped from attempting to relitigate those claims in the District Court. Although Garcia apparently seeks a declaratory judgment that the County Court's 2009 Agreed Final Order remains in effect, and derivatively that its 2014 Order vacating that 2009 Order is without effect, those issues have already been resolved in the County Court case. As set out above, the County Court vacated its 2009 Agreed Final Order and

20

issued findings supporting its conclusions, which Garcia is now collaterally estopped from challenging.  **CR 72 – 79; TABS B & C**.

> [D]octrines of collateral estoppel and res judicata [provide] that a "right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties or their privies…." Under res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action. Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation.

*Montana v. United States*, 440 U.S. 147, 153, 99 S. Ct. 970, 973 (1979) (internal citations omitted).

The County Court at Law made numerous findings of fact to support its conclusions.  In particular, The County Court found that the conditions had changed between December 2, 2009, when the original Agreed Final Order was issued, and August 20, 2014, the day the Court considered *Pharr's Motion to Vacate Final Order and Motion to Dismiss*. **CR 75**, ¶ 19**; TAB B**. The Court also found, factually and legally, that the 2009 *Agreed Final Order* authorized the City of Pharr to amend its zoning ordinances from time to time and that the City's rezoning of Lot 65 from a Residential District to an Office Professional District did not violate the 2009 Agreed Final Order. **CR 75**, ¶¶ 20 & 22**; CR 76**, ¶¶ 5 & 6**; TAB B**. In addition, the Court determined that use of Lot 65 was not inconsistent with the allowed residential uses pursuant to Pharr zoning ordinances, and was further in compliance with Pharr

zoning ordinances. **CR 75**, ¶ 23; **CR 77**, ¶ 7**; TAB B**. The Court therefore vacated the 2009 Agreed Final Order. **CR 78 – 79; TAB C**. Those findings may not now be challenged by Garcia. *Montana v. United States*, 440 U.S. at 153, 99 S. Ct. at 973.

"The facts relevant to [Garcia's] present … claim … were all evident in the prior suit, and [his] requested [relief in the present action] proposed no new or different application." *Hallco Tex., Inc. v. McMullen Cnty.*, 221 S.W.3d 50, 60 (Tex. 2006). "Whether or not the [County Court] was correct in [its decision], that holding is dispositive and not subject to collateral attack; claim preclusion inheres regardless of whether the prior decision was correct. … If [Garcia] wished to challenge the [County Court's] decision, [he] could have filed an appeal, which [he] chose not to do. *Id.*, *citing* *Purcell v. Bellinger*, 940 S.W.2d 599, 602 (Tex. 1997).

To allow Garcia's District Court challenge to the County Court's 2014 Order vacating and setting aside its prior 2009 Agreed Final Order would instead create an alternative appeal procedure, without respect to jurisdiction or deadlines. He has identified no jurisdictional avenue to do so, however. Garcia therefore may not seek review of the County Court's Orders through declaratory judgment in the District Court below, and he may not seek any relief that would be contrary to the prior Findings, Conclusions or Order of Dismissal in the County Court, including any declaratory judgment contrary to the County Court's 2014 Order. *Montana v. United States*, 440 U.S. at 153, 99 S. Ct. at 973.

**C.** **Remand to Allow Garcia to Attempt to Cure Pleading and Evidentiary Defects Would Serve No Purpose and is Not Authorized**

Remand is also not authorized for "further development" of Garcia's claims or to plead a new claim. This Court may not remand this case "in the interests of justice," or because the case has not been "fully developed," as Appellees may request. *Davis v. Bryan & Bryan, Inc.*, 730 S.W.2d 643, 644 (Tex. 1987); *Estate of Clifton v. Southern Pac. Transp. Co.,* 709 S.W.2d 636, 639 (Tex. 1986); *Sears & Roebuck & Co. v. Marquez,* 628 S.W.2d 772, 773 (Tex. 1982).

"As an intermediate appellate court, [this Court] lacks authority to … remand for further development of the case." *Postert v. Calhoun County*, 2011 Tex. App. LEXIS 8643, p. 6 n.3 (Tex. App. – Corpus Christi Oct. 27, 2011, pet. denied), *citing* **TEX. R. APP. P. 43.3**; *Chrismon v. Brown*, 246 S.W.3d 102, 116 (Tex. App. – Houston [14th Dist.] 2007, no pet.); *Sears, Roebuck & Co. v. Marquez*, 628 S.W.2d at 773. "Once an appellate court has concluded there is no evidence to support a necessary finding, it is not within its power to … remand for further development of the same or similar evidence…." *Sears & Roebuck & Co. v. Marquez,* 628 S.W.2d at 773. Remand is therefore not authorized.

## CONCLUSION & PRAYER

Garcia failed to identify any evidence or authority that would support waiver of the City of Pharr's immunity from suit on a claim of inverse condemnation or a request for injunctive or declaratory relief. The evidence submitted by the City, on the other hand, established the lack of jurisdiction to consider either of those claims. Because these jurisdictional defects are incurable, remand would serve no purpose and is not authorized for further development of Garcia's allegations. Appellee **CITY OF PHARR, TEXAS** therefore prays that this Court reverse the trial court's denial of its Plea to the Jurisdiction and render judgment dismissing the City of Pharr for lack of jurisdiction.

Signed on this the 20th day of October, 2015.

Respectfully submitted,

**AGUILAR ☆ ZABARTE, LLC**                    Patricia Ann Rigney
990 Marine Drive                                           118 South Cage Boulevard
Brownsville, Texas 78520                             Pharr, Texas  78577
Telephone: (956) 504-1100                          Telephone : (956) 457-1181
Facsimile:  (956) 504-1408                           Facsimile :  (956) 272-0116
Email:  arnold@aguilarzabartellc.com         Email: patricia.rigney@pharr-tx.gov


*/s/    Patricia Ann Rigney*

J. Arnold Aguilar                                            Patricia Ann Rigney
State Bar No. 00936270                                 State Bar No. 24048765

ATTORNEYS FOR DEFENDANT/APPELLANT
**CITY OF PHARR, TEXAS**

# CERTIFICATE OF COMPLIANCE WITH TRAP 9.4(i)(3)

Pursuant to TEX. R. APP. P. 9.4(i)(3), the undersigned certifies this brief complies with the type-volume limitations of TEX. R. APP. P. 9.4(i)(2)(B). This brief complies with the type-volume limitation of TEX. R. APP. P. 9.4(i)(2)(B) because it contains 6,140 words, excluding the parts of the brief exempted by TEX. R. APP. P. 9.4(i)(1).

This brief complies with the typeface requirements of TEX. R. APP. P. 9.4(e)(3) and the type style requirements of TEX. R. APP. P. 9.4(b), (c) and (d) because it has been prepared in a proportionally spaced serif typeface produced by Microsoft Word 2013 software in Times New Roman 14 point font in text and Times New Roman 12 point font in footnotes.

The undersigned further certifies that all required privacy redactions have been made pursuant to TEX. R. APP. P. 9.9.


J. Arnold Aguilar

Attorney for Defendant/Appellant
City of Pharr, Texas

Dated:   October 20, 2015

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **BRIEF OF APPELLANT CITY OF PHARR, TEXAS'** will on this the 20th day of October, 2015, be served automatically through the notice of electronic filing and/or via certified mail, return receipt requested to:

Francisco J. Rodriguez
**LAW OFFICE OF FRANCISCO J. RODRIGUEZ**
1111 West Nolana, Suite A
McAllen, Texas  78504
email:  frankr@mcallenlawfirm.com

Jeanne E. Holmes
**LAW OFFICES OF JEANNE E. HOLMES, P.C.**
212 West Nolana
McAllen, Texas  78501
email:  ljeanneholmes@rgv.rr.com


J. Arnold Aguilar

**CASE NO. 13-15-00409-CV**

COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS

---

**CITY OF PHARR,**
**Defendant – Appellant**

**v.**

**GERMAN GARCIA, ANNA LEAL, DOMINGO LOPEZ, JR., SAN JUANITA DE LA FUENTE, AND EZEQUIEL PEREZ,**
**Plaintiff – Appellee**

---

On Appeal from the 430th Judicial District Court of Hidalgo County, Texas
Case No. **C-5232-14-J**

================================================================

# APPENDIX FOR BRIEF OF
# APPELLANT CITY OF PHARR, TEXAS

================================================================

**J. Arnold Aguilar**                                **Patricia Ann Rigney**
State Bar No. 00936270                           State Bar No. 24048765

**AGUILAR ☆ ZABARTE, LLC**
990 Marine Drive                                 118 South Cage Boulevard
Brownsville, Texas 78520                         Pharr, Texas  78577
Telephone: (956) 504-1100                        Telephone : (956) 457-1181
Facsimile:  (956) 504-1408                       Facsimile :  (956) 272-0116
Email:  arnold@aguilarzabartellc.com             Email: patricia.rigney@pharr-tx.gov


*/s/  J. Arnold Aguilar*                          */s/   Patricia Ann Rigney*
J. Arnold Aguilar                                Patricia Ann Rigney
State Bar No. 00936270                           State Bar No. 24048765

Attorneys for Defendant /Appellant
CITY OF PHARR, TEXAS

# TABLE OF CONTENTS

**TAB**

Order Denying Defendant City of Pharr, Texas' Plea to the Jurisdiction …………………A

Findings of Fact and Conclusions of Law,
Cause No. CL-08-0136-A, County Court at Law No. 1…………………………………...B

Order of Dismissal
Cause No. CL-08-0136-A, County Court at Law No. 1…………………………………...C

28

# TAB  A

**CAUSE NO. C-5232-14-J**

| | | |
|---|---|---|
| GERMAN GARCIA, ANNA LEAL, | ♦ | IN THE DISTRICT COURT` |
| DOMINGO LOPEZ, JR., SAN JUANITA | ♦ | |
| DE LA FUENTES, and EZEQUIEL | ♦ | |
| PEREZ | ♦ | |
| | ♦ | |
| Plaintiffs | ♦ | 430ᵗʰ JUDICIAL DISTRICT |
| | ♦ | |
| | ♦ | |
| CITY OF PHARR, et al. | ♦ | |
| | ♦ | |
| Defendants | ♦ | HIDALGO COUNTY, TEXAS |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' PLEA TO THE JURISDICTION OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT**

Upon consideration of the ***Defendants' Plea to the Jurisdiction or in the alternative Motion for Summary Judgment***, and after reviewing the pleadings, evidence and other documents on file including the arguments of counsel thereon, the Court is of the opinion that ***Defendants' Plea to the Jurisdiction or in the alternative Motion for Summary Judgment*** should be GRANTED IN PART and DENIED IN PART;

IT IS THEREFORE ORDERED, ADJUDGED and DECREED that the following Defendants are dismissed with prejudice in their official capacities: Arturo J. Cortez, Raul Martinez, Raul Gonzalez, Ricardo Medina, Francisco [Francisca] Quintanilla, Adan Farias, Hector Villarreal, Romeo Robles, Guadalupe Cano, Chris [Cris] Flores, Charlie Ramirez, Tom Greuner, Victor Carrillo, III, and Edward Wylie.

IT IS FURTHER ORDERED that the remaining requests by the Defendants contained in *Defendants' Plea to the Jurisdiction or in the alternative Motion for Summary Judgment* are hereby DENIED.

SIGNED on this __17TH__ day of __august_____, 2015.

_____

JUDGE PRESIDING

michael@michaelpruneda.com; frankr@mcallenlawfirm.com; Sonia@mcallenlawfirm.com

germangarcia@rgv.rr.com; rpalacios@pgtlawfirm.com; ljeanneholmes@rgv.rr.com

Jose Escamilla, 6916 N. 30th St.; McAllen, Texas 78504



**TAB   B**

Accepted by: Ester Espinoza

Electronically Filed
6/4/2015 9:22:30 AM
Hidalgo County District Clerk's Office

Electronically Submitte
9/30/2014 3:13:47 P
Hidalgo County District Clerk
Reviewed By: Sonia Ponce

## CAUSE NO. CL-08-0136-A

| | | |
|---|---|---|
| **CITY OF PHARR** | ♦ | **IN THE COUNTY COURT`** |
| **Plantiff** | ♦ | |
| **GERMAN GARCIA, ANNA LEAL, DOMINGO LOPEZ, JR., SAN JUANITA DE LA FUENTES, EZEQUIEL PEREZ, BLANCA SALOMERON, CELEDINA MARTINEZ, JOSE GARCIA, and MARIA PEREZ** | ♦ | **AT LAW NO. 1** |
| **Intervenors** | ♦ | |
| **JOSE ESCAMILLA**, *and all occupants* | ♦ | |
| **Defendants** | ♦ | **HIDALGO COUNTY, TEXAS** |

---

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

---

Pursuant to the Intervenors' Request, the Court hereby submits its Findings of Fact and Conclusions of Law in support of its Order of Dismissal and Final Judgment entered on August 25, 2014, as follows:

### FINDINGS OF FACT

1. Plaintiff City of Pharr is a municipality in Hidalgo County, Texas.

2. Defendant Jose Escamilla is an individual residing in Hidalgo County, Texas.

3. Intervenors German Garcia, Anna Leal, Domingo Lopez, Jr., San Juanita De La Fuentes, Ezequiel Perez, Blanca Salomeron, Celedina Martinez, Jose Garcia, and Maria Perez are individuals residing in Hidalgo County, Texas.

Page 1

Accepted by: Ester Espinoza

Electronically Filed
6/4/2015 9:22:13 AM
Hidalgo County District Clerks Office
Reviewed By: Sonia Ponce

Electronically Submitted
9/30/2014 3:13:47 P
Hidalgo County District Clerks Offic

4. In 2008, Plaintiff City of Pharr filed suit against Defendant Escamilla to prohibit his use of premises located at Lot 65, 1301 Truman, Pharr, Hidalgo County, Texas from being used in a manner not consistent with the ordinances approved by the City of Pharr.

5. After a period of time, the parties reached a resolution of their differences and submitted a proposed Agreed Final Order.

6. On December 2, 2009, the Court approved, signed and entered that proposed Agreed Final Order, providing that "Defendant Jose Escamilla and all other occupants, assigns, and grantees … [s]hall not use the property located at Lot 65, 1301 Truman, Pharr, Hidalgo County, Texas in any manner not consistent with the allowed residential uses *pursuant to Pharr zoning ordinances as may be amended from time to time*. Neither Defendant Jose Escamilla nor other occupants, assigns, and grantees shall be allowed to use the property for commercial purposes, directly or indirectly, and shall not be allowed to store equipment or other items of commerce." Agreed Final Order (emphasis added.)

7. The only relief provided in the Agreed Final Order was injunctive.

8. Prior to entering its Agreed Final Order, neither party requested a trial of factual issues before a jury.

9. On March 4, 2014, Intervenors filed their Intervenors' Original Petition in Intervention seeking an Order from this Court compelling compliance with the Court's prior Agreed Final Order.

10. Prior to August 20, 2014, the property located at Lot 65, 1301 Truman, Pharr, Hidalgo County, Texas, was rezoned by the City of Pharr from a Single-Family Residential District (R-1) to an Office-Professional District (O-P).

11. On March 12, 2014, Intervenors filed their Motion for Contempt and Motion for Costs, seeking an Order from this Court finding Plaintiff, Defendant and others in contempt of this Court for violating the Court's prior Agreed Final Order.

12. On May 14, 2014, Intervenors Blanca Salomeron, Celedina Martinez, Jose Garcia and Maria Perez filed their Notice of Non-Suit Without Prejudice.

13. Only Intervenors German Garcia, Anna Leal, Domingo Lopez, Jr., San Juanita De La Fuentes and Ezequiel Perez, Plaintiff and Defendant are before this Court; No other alleged contemnors have been served with process or made an appearance before this Court.

14. On August 6, 2014, Plaintiff City of Pharr filed its Motion to Vacate Final Order and Motion to Dismiss, requesting that this Court set aside the Agreed Final Order because of a change in circumstances, including the legal requirements, and because Plaintiff is no longer in need of the relief provided in that Order.

Electronically Filed
Electronically Submitte
6/4/2015 9:22 9/30/2014 3:13:47 P
Hidalgo County District Clerks Offic
Reviewed By: Sonia Ponce

15. After timely notice, the Court held a hearing on Plaintiff's City of Pharr's Motion to Vacate Final Order and Motion to Dismiss on August 20, 2014. *See* Hearing Transcript.

16. On August 20, 2014, the day of the hearing on Plaintiff's motion, Intervenors filed their demand for a jury trial and paid the jury fee.

17. Prior to the entry of the Court's Agreed Final Order of December 2, 2009, the following conditions were present at or surrounding the property located at Lot 65, 1301 Truman, Pharr, Hidalgo County, Texas:

   a. The property was located in a Single-Family Residential District (R-1) zone;
   b. Defendant was operating a charter bus service out of that property;
   c. Approximately eleven (11) Charter buses would be parked on the property and on the public street in front of and surrounding the property;
   d. The Charter buses were large, heavy vehicles.
   e. The length and width of the bus vehicles block or impede traffic flow;
   f. Because of their size, the use of the buses violated the City's street roadway ordinance and should have instead been in an industrial zone;
   g. The Charter bus business would bring in additional traffic, including additional vehicles that would park, drop off and pick up bus passengers;
   h. At one point, approximately 30 additional vehicles were parked in front of the property waiting for their passengers to board a bus;
   i. Buses would leave the property at different times of the day and night;
   j. The nature of the buses, their size, and the pedestrian traffic created by their use increased the noise level;
   k. The Charter buses would increase the danger to children, pedestrians and other motorists beyond that of normal vehicle traffic;

18. As of the day of hearing on Plaintiff City of Pharr's Motion to Vacate Final Order and Motion to Dismiss, August 20, 2014, the following conditions were present at or surrounding the property located at Lot 65, 1301 Truman, Pharr, Hidalgo County, Texas:

   a. The City of Pharr approved conversion of the property to an Office-Professional District (O-P) zone, which can be used for very limited matters, such as doctors', attorneys' or auditors' offices;
   b. A charter bus service is no longer being operated out of that property;
   c. The business now on the property involves estimating from blueprints and has only four (4) employees;

Page 3

74

Accepted by: Ester Espinoza

Electronically Filed
Electronically Submitte
6/4/2015 9:22 9/30/2014 3:13:47 P
Hidalgo County District Clerks Offic
Reviewed By: Sonia Ponce

d. Buses are no longer parked on the property or on the public street in front of or surrounding the property;

e. Although some additional vehicle traffic may be present on occasion, that additional traffic is sporadic and does not lead to consistent congestion;

f. The vehicle traffic that now presents in front of and surrounding the property consists primarily of passenger, rather than commercial or industrial, vehicles;

g. Because the vehicle traffic that presents on the street primarily involves passenger vehicles, it does not block or impede traffic flow;

h. There is no longer a large influx of persons waiting, with or without vehicles, to board buses, on a daily or other consistent basis;

i. Buses no longer leave the property at different times of the day and night;

j. The noise level is comparable to other residential neighborhoods in the City of Pharr;

19. The conditions existing at or surrounding the property located at Lot 65, 1301 Truman, Pharr, Hidalgo County, Texas, as of the day of hearing on Plaintiff City of Pharr's Motion to Vacate Final Order and Motion to Dismiss, August 20, 2014, have changed from the conditions that existed prior to the entry of the Court's Agreed Final Order of December 2, 2009.

20. The Agreed Final Order of December 2, 2009, authorized the City of Pharr, Texas to amend its zoning ordinances from time to time.

21. The City of Pharr's conversion of the property located at Lot 65, 1301 Truman, Pharr, Hidalgo County, Texas, from a Single-Family Residential District (R-1) zone to an Office-Professional District (O-P) zone was consistent with the authority to amend its zoning ordinances provided in the Agreed Final Order of December 2, 2009.

22. The City of Pharr's conversion of the property located at Lot 65, 1301 Truman, Pharr, Hidalgo County, Texas, from a Single-Family Residential District (R-1) zone to an Office-Professional District (O-P) zone did not violate the Agreed Final Order of December 2, 2009.

23. The use of the property located at Lot 65, 1301 Truman, Pharr, Hidalgo County, Texas as of August 20, 2014, is not inconsistent with the allowed residential uses pursuant to Pharr zoning ordinances as may be amended from time to time.

24. The use of the property located at Lot 65, 1301 Truman, Pharr, Hidalgo County, Texas as of August 20, 2014, does not violate, and is in compliance with, the City of Pharr zoning ordinance in effect on that date for that location (Office-Professional District).

Accepted by: Ester Espinoza

Electronically Filed
6/4/2015 9:22 AM
Hidalgo County District Clerk's Office

Electronically Submitted
9/30/2014 3:13:47 P
Hidalgo County District Clerk
Reviewed By: Sonia Ponce

25.  As of August 20, 2014, the property located at Lot 65, 1301 Truman, Pharr, Hidalgo County, Texas, is not being used to store equipment or other items of commerce.

26.  The changed conditions described above require vacation of the Agreed Final Order of December 2, 2009.

27.  The changed conditions described above authorize vacation of the Agreed Final Order of December 2, 2009.

28.  Upon vacation of the Court's prior Agreed Final Order of December 2, 2009, the Court finds that there remains no actual controversy between the parties.

### CONCLUSIONS OF LAW

1.  "Trial courts undoubtedly have jurisdiction to modify or vacate their judgments granting permanent injunctions because of changed conditions." **Smith v. O'Neill**, 813 S.W.2d 501(Tex.1991) (*per curiam*), *quoting* **City of Tyler v. St. Louis Southwestern Ry.,** 405 S.W.2d 330, 332 (Tex. 1966).

2.  "[A] court cannot be required to ignore significant changes in law or facts if the court is 'satisfied that what it has been doing has been turned through changing circumstances into an instrument of wrong.'" **Kubala Pub. Adjusters, Inc. v. Unauthorized Practice of Law Comm.**, 133 S.W.3d 790, 794 (Tex. App. – Texarkana 2004, no pet.), *quoting* **Sys. Fed'n No. 91 v. Wright**, 364 U.S. 642, 647, 5 L. Ed. 2d 349, 81 S. Ct. 368 (1961); **United States v. Swift & Co.**, 286 U.S. 106, 114-15, 52 S. Ct. 460, 76 L. Ed. 999 (1932).

3.  A "trial court has authority to amend, alter, or dissolve [an] injunction if either the factual situation or the controlling law has changed since its entry." **Kubala Pub. Adjusters, Inc. v. Unauthorized Practice of Law Comm.**, 133 S.W.3d 790, 795 (Tex. App. – Texarkana 2004, no pet.)

4.  The Agreed Final Order of December 2, 2009, authorized the City of Pharr, Texas to amend its zoning ordinances from time to time.

5.  The City of Pharr's conversion of the property located at Lot 65, 1301 Truman, Pharr, Hidalgo County, Texas, from a Single-Family Residential District (R-1) zone to an Office-Professional District (O-P) zone was authorized through the authority to amend its zoning ordinances provided in the Agreed Final Order of December 2, 2009.

6.  The City of Pharr's conversion of the property located at Lot 65, 1301 Truman, Pharr, Hidalgo County, Texas, from a Single-Family Residential District (R-1) zone to an Office-Professional District (O-P) zone did not violate the Agreed Final Order of December 2, 2009.

Accepted by: Ester Espinoza

Electronically Filed
6/4/2015 9:22:13 AM
Hidalgo County District Clerk's Office
Reviewed By: Sonia Ponce

Electronically Submitted
9/30/2014 3:13:47 P
Hidalgo County District Clerk's Offic

7. The use of the property located at Lot 65, 1301 Truman, Pharr, Hidalgo County, Texas as of August 20, 2014, is authorized as part of the allowed residential uses pursuant to Pharr zoning ordinances as may be amended from time to time.

8. The use of the property located at Lot 65, 1301 Truman, Pharr, Hidalgo County, Texas as of August 20, 2014, does not violate, and is in compliance with, the City of Pharr zoning ordinance in effect on that date for that location (Office-Professional District).

9. The controlling law that was applied when the Court entered the Agreed Final Order provided that the property located at Lot 65, 1301 Truman, Pharr, Hidalgo County, Texas, was in a Single-Family Residential District (R-1) zone.

10. The City of Pharr's conversion of the property located at Lot 65, 1301 Truman, Pharr, Hidalgo County, Texas, from a Single-Family Residential District (R-1) zone to an Office-Professional District (O-P) zone created a change in the controlling law.

11. The changed conditions described above require vacation of the Agreed Final Order of December 2, 2009.

12. The changed conditions described above authorize vacation of the Agreed Final Order of December 2, 2009.

13. Intervenors were not entitled to a trial by jury because they did not make application for a jury and pay the jury fee at least ten (10) days before the Agreed Final Order was entered on December 2, 2009, and/or at least ten (10) days before the hearing on Plaintiff City of Pharr's Motion to Vacate Final Order and Motion to Dismiss on August 20, 2014. See **Citizens State Bank v. Caney Inv.**, 746 S.W.2d 477 (Tex. 1988); Tex. R. Civ. P. 216.

14. The Court having found circumstances had changed to allow vacation of the prior Agreed Final Order, and the Court having vacated that Order, there remains no actual controversy between the parties and all other pending motions are moot, or in the alternative are denied as without merit. See **Thompson v. Ricardo**, 269 S.W.3d 100(Tex. App. – Houston [14th Dist.] 2008, no pet.)

ENTERED on this the ___3rd___ day of __October_____, 2014.

_____
JUDGE PRESIDING

Page 6

# TAB   C

Accepted by: Ester Espinoza

Electronically Filed
6/4/2015 9:28:27 AM
Hidalgo County District Clerks Office

Electronically Submitted
8/27/2014 12:31:45 P
Hidalgo County District Clerks Offic
Reviewed By: Sonia Ponce

## CAUSE NO. CL-08-0136-A

| | | |
|---|---|---|
| CITY OF PHARR | § | IN THE COUNTY COURT |
| | § | |
| VS | § | AT LAW NO. 1 |
| | § | |
| JOSE ESCAMILLA *and all occupants* | § | HIDALGO COUNTY, TEXAS |

## ORDER OF DISMISSAL

On the 20th day of August, 2014, this cause came for hearing on *City of Pharr's Request to Vacate Final Order and Motion to Dismiss*. After considering the request, motion and response thereto on file, and hearing the evidence and argument of counsel thereon, the Court finds that the City of Pharr has not violated the terms of this Court's Agreed Final Order of December 2, 2009, that the conditions applicable to the relief provided for in that Agreed Final Order have changed, and that such Agreed Final Order is no longer necessary, and the Court is of the opinion that the Request to Vacate Final Order and Motion to Dismiss should therefore be GRANTED;

IT IS THEREFORE ORDERED, ADJUDGED and DECREED that *City of Pharr's Request to Vacate Final Order and Motion to Dismiss* is hereby GRANTED and the Agreed Final Order of December 2, 2009, is hereby set aside. All other pending motions are therefore dismissed.

78

Electronically Filed
6/4/2015 9:28:27 AM
Hidalgo County District Clerks Office
Electronically Submitted
8/27/2014 12:31:45 P
Hidalgo County District Clerks Offic
Reviewed By: Sonia Ponce

It is further ORDERED, ADJUDGED and DECREED that the bond executed and posted by Plaintiff is no longer necessary and is hereby annulled.

It is further ORDERD, ADJUDGED and DECREED that any and all other relief not expressly granted herein is denied.  This Order finally disposes of all parties and claims and is appealable.

ENTERED on this the ___25th___ day of ___August___, 2014.

_____
JUDGE PRESIDING